ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| IMPRIMIS INVESTORS, LLC, WEXFORD SPECIAL SITUATIONS 1997 INSTITUTIONAL, L.P., TAX MATTERS PARTNER, | ) | FILED MAY 9 2007 U.S. COURT OF FEDERAL CLAIMS |
| Plaintiff, | ) | |
| v. | ) | Docket No. 07-209T<br>Judge Marian Blank Horn |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

AMENDMENT TO THE COMPLAINT FOR READJUSTMENT OF
PARTNERSHIP ITEMS UNDER CODE SECTION 6226

Insight Venture Associates II, LLC ("Insight" or "Participating Partner"), files this Amendment to the Complaint for Readjustment of Partnership Items Under Code Section 6226 against the United States ("Defendant"). In support of this Amendment to the Complaint, Participating Partner alleges as follows:

## OVERVIEW OF THE COMPLAINT

1. This is a tax dispute arising under the Internal Revenue Code of 1986, as amended (the "Code"), involving a limited liability company treated as a partnership for federal income tax purposes. The partnership is subject to the unified partnership audit and litigation procedures set forth as part of the Tax Equity and Fiscal Responsibility Act of 1982.

2. Insight is a limited liability company and has as its mailing address 680 Fifth Avenue, 8th Floor, New York, New York, 10019. Participating Partner's taxpayer identification number is 06-1486378.

3. The partnership, Imprimis Investors, LLC (the "Partnership" or "Imprimis"), and its tax matters partner ("TMP") within the meaning of section 6231(a)(7) of the Code, Wexford Special Situations 1997 Institutional, L.P., filed a Complaint for Readjustment of Partnership Items Under Code Section 6226 on March 29, 2007 for the tax period ending December 31, 2000 (the "Initial Complaint").

4. Participating Partner was a "Notice Partner" of the Partnership within the meaning of Code section 6231(a)(8) for the tax period ending December 31, 2000.

5. Participating Partner satisfies Code section 6226(d) because the items for which Participating Partner seeks readjustment continue to be partnership items and, to Participating Partner's knowledge and belief, the period within which tax attributable to those items may be assessed against Participating Partner has not expired.

6. Participating Partner timely filed a Notice of Election to Participate in this action with the Court on May 8, 2007.

7. Participating Partner is filing this Amendment to the Complaint to plead its disagreement with the assignments of error and certain of the facts as alleged in the Initial Complaint. As described more fully below, Participating Partner contests the conclusions set forth in the Schedule of Adjustments in the FPAA and "Inconsistent Position A," which was included in the Explanation of Adjustments attached to the FPAA.

8. Participating Partner alleges the following assignments of error:

(a) Improper Allocation of Ordinary Income and Capital Gain Under Code Section 704. The Internal Revenue Service ("IRS") erred in the conclusions reached in the Schedule of Adjustments in the FPAA and in "Inconsistent Position A," which was included in the Explanation of Adjustments attached to the FPAA, by failing to allocate partnership items of

ordinary income and capital gain in accordance with Code section 704(b), which requires that each partner's distributive share of items of partnership income, gain, loss, or deduction shall be determined in accordance with the "partner's interest in the partnership" unless the partnership allocates such items in a manner that has "substantial economic effect."

(b) Improper Recharacterization of Long-Term Capital Gain. The IRS erred in its Schedule of Adjustments for Inconsistent Positions, which was included in the Explanation of Adjustments attached to the FPAA, by improperly recharacterizing $15,525,992 of long-term capital gain ("LTCG") as short-term capital gain ("STCG").

## FACTS RELATING TO THE INVALID ALLOCATION OF PARTNERSHIP ITEMS

**The Initial Complaint filed by Imprimis and Wexford Special Situations 1997, L.P.**

9. Except to the extent affirmatively alleged herein, Plaintiff disputes the allegations set forth in the Initial Complaint.

**The Imprimis LLC Agreement**

10. The Amended and Restated Limited Liability Company Agreement of Imprimis Investors LLC (the "Partnership Agreement"), which took effect September 30, 1998, constituted the partnership agreement (within the meaning of Code section 761(c)) of Imprimis for the taxable year ending December 31, 2000.

11. The Partnership Agreement purported (albeit invalidly) to specially allocate ordinary income to Insight under Exhibit B, section 3(f) ("Section 3(f)").

12. Section 3(f) provided that the Partnership's residual Net Profits, defined to mean net income as determined by Code section 703 with adjustments, should be allocated as follows:

> (f) thereafter, 80% to the Wexford Members and 20% to Insight provided, however, that in the event any Net Profits consist of items of ordinary income, then in lieu of the above allocations (i) a special gross income allocation shall be made to Insight of such items or ordinary income (to the extent thereof) equal to

the Tentative Insight Allocation (as defined below) and (ii) the resulting Net Profits, computed without regard to the items of gross income allocated under the preceding clause (i), shall be allocated:

(i) if the initial allocation made in clause (f)(i) above (the "Initial Insight Allocation") equals the Tentative Insight Allocation, to the Wexford Members, or

(ii) if the initial Insight Allocation is less than the Tentative Insight Allocation, an amount equal to such shortfall to Insight and the remainder to the Wexford Members.

For purposes of the preceding sentence the "Tentative Income Allocation" shall mean the amount of Net Profits that would otherwise have been allocated to Insight under this Agreement absent the proviso of such preceding sentence.

13. The proviso in Section 3(f) that provided for the special or disproportionate allocation of ordinary income to Insight to satisfy its aggregate right to Net Profit lacks substantial economic effect.

14. The disproportionate allocation of ordinary income to Insight did not, and by its terms could not, affect: (i) the amount of income allocated to Insight or any other partner; (ii) the capital account balance of any partner; or (iii) the dollar amounts distributed or distributable to any partner.

15. The disproportionate allocation of ordinary income to Insight did not, and by its terms could not, affect substantially the dollar amounts to be received by the partners from the partnership, independent of tax consequences.

16. Because the disproportionate allocation of ordinary income to Insight did not, and by its terms could not, affect substantially the dollar amounts to be received by the partners from the Partnership, independent of tax consequences, the disproportionate allocation lacks "substantial economic effect" and is invalid under Code section 704(b) and Treasury Regulation section 1.704-1(b)(2)(iii).

17. Pursuant to Code section 704(b), when allocations of partnership items lack substantial economic effect, a partner's distributive share must be determined in accordance with the partner's "interest in the partnership."

18. Treasury Regulation section 1.704-1(b)(3)(ii)(b)-(c) provides that a partner's interest in the partnership is determined by looking to "[t]he interests of the partners in economic profits and losses (if different than that in taxable income or loss)" and "[t]he interest of the partners in cash flow and other non-liquidating distributions."

19. In relevant part, Exhibit B, section 5(f) of the Partnership Agreement ("Section 5(f)") provided that Net Cash Flow is distributed "80% to the Wexford Members and 20% to Insight."

20. Section 1.13A of the Partnership Agreement provides that "Net Cash Flow" is composed of "Net Profit" and "Net Loss" less certain expenses.

21. Section 7.3(a) defines "Net Profit" and "Net Loss" as net income or loss as determined by Code section 703 with adjustments.

22. Under Code section 703(a), ordinary income, STCG, and LTCG are all included in the computation of partnership taxable income.

23. Insight's interest in the partnership, within the meaning of Code section 704(b) and Treasury Regulation section 1.704-1(b)(3), is its 20% economic interest in each item of ordinary income, STCG, and LTCG as provided for in Section 5(f).

24. The disproportionate tax allocations of all ordinary income and STCG to Participating Partner do not reflect Participating Partner's 20% interest in the Partnership.

25. The disproportionate tax allocations of all ordinary income and STCG to Participating Partner are not in accordance with Participating Partner's interest in the partnership pursuant to Code section 704(b).

**Short Term Capital Gain and Ordinary Income**

26. The Partnership Agreement did not purport to provide for a disproportionate allocation of the partnership item of STCG.

27. Section 3(f) purports to disproportionately allocate ordinary income, but does not purport to disproportionately allocate STCG.

28. The disproportionate allocation of STCG is contrary to the Partnership Agreement.

29. "Ordinary income" has a well-established meaning under U.S. federal income tax law and is not otherwise defined by the Partnership Agreement.

30. Section 64 of the Code provides that ordinary income "includes any gain from the sale or exchange of property which is neither a capital asset nor property described in Code section 1231(b)."

31. STCG, as defined by Code section 1222(1), is the "gain from the sale or exchange of a capital asset held for not more than 1 year."

32. By definition, STCG is not "ordinary income."

33. While STCG may in some circumstances be taxed at the same rate as ordinary income, the taxation of STCG is not the equivalent of the taxation of ordinary income.

34. Because the Partnership Agreement did not provide for a disproportionate allocation of STCG to Insight, but rather allocated STCG and LTCG consistent with Insight's

20% economic interest in the Partnership, the Commissioner's allocation of only STCG to Insight as set forth in Inconsistent Position A of the FPAA is invalid.

35. In accordance with its 20% interest in the Partnership, Insight's distributive share of each partnership item of income, gain, loss, deduction, or credit is 20%.

**The Settlement Agreement**

36. The Settlement Agreement, as defined in the "Initial Complaint," did not exist when the Partnership return was filed.

37. The Settlement Agreement cannot be an amendment to or part of the Partnership Agreement under section 761(c) of the Code.

38. A private settlement between taxpayers can have no effect on the proper tax treatment of income vis-à-vis the U.S. government.

## PRAYER FOR RELIEF

WHEREFORE, Participating Partner prays for judgment in its favor against Defendant, as follows:

1. That the Court make the following findings:

a. The IRS erred in the conclusion stated in "Inconsistent Position A" that "[t]he original issued K-1 issued by Imprimis Investors LLC to Insight Venture Associates II LLC for year ending December 31, 2000 is deemed to be correct;"

b. The IRS erred in the conclusion stated in "Inconsistent Position A" that "Short Term Capital Gain of $36,623,088 is the proper amount of short-term capital gain to be reported by Insight Investors II LLC for year ending December 31, 2000;"

c. Insight is allocated its interest in each partnership item of ordinary income, STCG, and LTCG pursuant to the partners' economic interests in the Partnership;

d. STCG is not under ordinary income under the Partnership Agreement or U.S. federal income tax law;

2. That the Court determine a readjustment of the partnership items for the Partnership's 2000 taxable year by allocating each partnership item of income, gain, loss, deduction or credit to Insight in accordance with Section 3 of the Partnership Agreement, but without regard to the proviso in Section 3(f) which first specially allocates all ordinary income to Insight; and

3. Such other and further relief to which Insight may be entitled.

Respectfully submitted,

Dated: May 9, 2007

William F. Nelson
Counsel of Record for the Participating Partner
McKee Nelson LLP
1919 M Street NW, Suite 200
Washington, D.C. 20036
Tel: (202)775-8582
Fax: (202) 775-8586
Email: wnelson@mckeenelson.com

Sheri A. Dillon
Counsel for the Participating Partner
McKee Nelson LLP
1919 M Street NW, Suite 200
Washington, D.C. 20036
Tel: (202)775-8657
Fax: (202) 775-8586
Email: sdillon@mckeenelson.com

Ronald Buch, Jr.
Counsel for Participating Partner
McKee Nelson LLP
1919 M Street NW, Suite 200
Washington, D.C. 20036
Tel: (202)327-2078
Fax: (202) 775-8586
Email: rbuch@mckeenelson.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this date, May 9, 2007, a copy of the foregoing Amendment to the Complaint for Readjustment of Partnership Items Under Code Section 6226 was served by hand delivery upon:

Charles Michael Ruchelman
Counsel for Tax Matters Partner
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Suite 1100
Washington, DC 20005
Tel: (202) 862-7834
Fax: (202) 429-3301
Email: cmr@capdale.com

Sheri A. Dillon
Counsel for Participating Partner
McKee Nelson LLP
1919 M Street NW
Suite 200
Washington, D.C. 20036
Tel: (202)775-8582
Fax: (202) 775-8586
sdillon@mckeenelson.com