IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| IMPRIMIS INVESTORS LLC, WEXFORD SPECIAL SITUATIONS 1997 INSTITUTIONAL, LP, TAX MATTERS PARTNER, Plaintiffs, | } | |
| v. | } | No. 07-209T (Judge Marian Blank Horn) |
| THE UNITED STATES, Defendant. | } | |

**PLAINTIFFS' RESPONSE TO THE AMENDED OR AMENDMENT TO THE COMPLAINT FILED BY INSIGHT VENTURE ASSOCIATES II, LLC**

On March 29, 2007, Plaintiffs, Imprimis Investors LLC ("Imprimis") and its Tax Matters Partner, Wexford Special Situations 1997 Institutional, LP ("Wexford"), filed a Complaint for Readjustment of Partnership Items Under Code Section 6226 (the "Initial Complaint"). On May 8, 2007, Insight Venture Associates II, LLC ("Insight") filed an Election to Participate in this action. On May 9, 2007, Insight filed an Amendment to the Initial Complaint ("Insight's Amendment"). On July 27, 2007, the United States filed its Answer to the Initial Complaint and Insight's Amendment.

On July 30, 2007, the parties appeared by telephone for a conference with the Court. Following that conference, the Court issued an Order. Pursuant to the Court's Order of July 30, 2007, Imprimis and Wexford file this Response to Insight's Amendment.

Imprimis and Wexford file this Response to plead their disagreement with certain allegations and assignments of error set forth in Insight's Amendment. Except to the

extent affirmatively alleged in the Initial Complaint or affirmatively alleged herein, Imprimis and Wexford deny the allegations set forth in Insight's Amendment.

Imprimis and Wexford further respond as follows:

**OVERVIEW OF INSIGHT'S AMENDMENT**

1. Admit the allegations in paragraph 1.

2. Admit the allegations in the first sentence of paragraph 2; deny the allegations in the second sentence of paragraph 2 and allege that the Form K-1 issued to Insight indicates that Insight's taxpayer identification number is 06-1491774.

3. – 6. Admit the allegations in paragraphs 3 through 6.

7. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, including the purpose for which Insight filed its Amendment; to the extent the paragraph sets forth legal argument or conclusions, no response is required.

8. (a) and (b) Deny that the Internal Revenue Service erred as alleged.

**The Initial Complaint filed by Imprimis and Wexford Special Situations 1997, L.P.**

9. Admit that Insight disputes the allegations set forth in the Initial Complaint.

10. Admit the allegations in paragraph 10 except allege that to the extent there was any ambiguity in the language of the allocation provision at issue, Insight agreed to the meaning of the language in the Amended and Restated Limited Liability Company Agreement of Imprimis Investors LLC (the "Imprimis LLC Agreement"), by its execution of a settlement agreement that resolved the lawsuit between Imprimis and Insight filed in the Supreme Court of the State of New York, County of New York (the

"Settlement Agreement"), which meaning is inconsistent with Insight's allegations herein.

11. Deny that Insight's characterization of the Imprimis LLC Agreement is accurate; and further allege that the Imprimis LLC Agreement speaks for itself.

12. Admit that the language quoted in paragraph 12 is accurate; allege that the meaning of the term "Net Profits" is defined in the Imprimis LLC Agreement; and further allege that the Imprimis LLC Agreement speaks for itself.

13. – 18. The allegations in paragraphs 13 through 18 constitute legal argument to which no response is required except (a) deny that the rules pertaining to "substantial economic effect" under Section 704(b) of the Internal Revenue Code of 1986 (the "Code")[1] and the Regulations thereunder provide the relief sought by Insight and (b) alternatively allege that the Imprimis LLC Agreement does not lack "substantial economic effect."

19. Admit that paragraph 19 accurately quotes a portion of the Imprimis LLC Agreement and denies the remaining portion of the allegation.

20. – 21. Deny that the characterizations set forth in paragraphs 20 and 21 are accurate; allege that the meanings of the terms in the Imprimis LLC Agreement are defined in the Imprimis LLC Agreement; and further allege that the Imprimis LLC Agreement speaks for itself.

22. Deny that Insight's description of Section 703(a) is accurate or complete; further allege that the statute sets forth said provision.

[1] Unless otherwise specified, all references to "Section" are to the Internal Revenue Code of 1986 (26 U.S.C. *et seq.*), as amended for the period at issue.

23. – 25. The allegations in paragraphs 23 through 25 constitute legal argument to which no response is required except (a) deny that the rules pertaining to "substantial economic effect" under Section 704(b) and the Regulations thereunder provide the relief sought by Insight and (b) alternatively allege that the Imprimis LLC Agreement does not lack "substantial economic effect."

**Short Term Capital Gain and Ordinary Income**

26. – 29. The allegations in paragraphs 26 through 29 constitute legal argument to which no response is required; deny Insight's characterization of the allocation as being "disproportionate;" allege that the meanings of the terms in the Imprimis LLC Agreement are defined in the Imprimis LLC Agreement; and further allege that to the extent there was any ambiguity in the language of the allocation provision at issue, Insight agreed to the meaning of the language in the Imprimis LLC Agreement by its execution of the Settlement Agreement, which meaning is inconsistent with Insight's allegations herein.

30. Admit that Insight accurately quotes a portion of Section 64.

31. Admit that Insight accurately quotes a portion of Section 1221(1).

32. – 35. The allegations in paragraphs 32 through 35 constitute legal argument to which no response is required; deny Insight's characterization of the terms "STCG" and "ordinary income;" allege that the meanings of the terms in the Imprimis LLC Agreement are defined in the Imprimis LLC Agreement; and further allege that to the extent there was any ambiguity in the language of the allocation provision at issue, Insight agreed to the meaning of the language in the Imprimis LLC Agreement by its

execution of the Settlement Agreement, which meaning is inconsistent with Insight's allegations herein.

36. Admit the allegations in paragraph 36.

37. Deny the allegations in paragraph 37; to the extent that the allegations constitute legal argument, no response is required.

38. Deny the allegations in paragraph 38.

**CLAIMS AND AFFIRMATIVE RESPONSES TO INSIGHT'S ALLEGATIONS**

39. This tax case revolves around the implications of a "partnership" allocation of income to Insight (or more accurately, the members of Insight) for U.S. federal income tax purposes. The operative allocation from the Imprimis LLC Agreement (the "Allocation") states:

> 3. Subject to Section 2 above, Net Profits shall be allocated as follows:
>
> (f) thereafter, 80% to the Wexford Members and 20% to Insight; provided, however, that in the event any Net Profits consist of ordinary income, then, in lieu of the above allocations (i) a special gross income allocation shall be made to Insight of such items or ordinary income (to the extent thereof) equal to the Tentative Insight Allocation (as defined below) and (ii) the resulting Net Profits, computed without regard to the items of gross income allocated under the preceding clause (i), shall be allocated:
>
> (i) if the initial allocation made in clause (f)(i) above (the "Initial Insight Allocation") equals the Tentative Insight Allocation, to the Wexford Members, or
>
> (ii) if the initial Insight Allocation is less than the Tentative Insight Allocation, an amount equal to such shortfall to Insight and the remainder to the Wexford Members.
>
> For purposes of the preceding sentence the "Tentative Insight Allocation" shall mean the amount of Net Profits that would otherwise have been allocated to Insight under this Agreement absent the proviso of such preceding sentence.

This allocation provision was freely agreed upon by Insight and reflected the compensation arrangement to Insight for its advisory services to Imprimis.

## I.

## A Plain and Fair Application of the Imprimis LLC Agreement Mandates the Allocations of Ordinary Income and Short and Long Term Capital Gains Shown on the Partnership Return and the Related K-1 Issued to Insight

40. In the Allocation, the phrases "items of ordinary income" and "such items" were intended to refer to allocations of income or gain taxable at the rates applicable to ordinary income and includes the short term capital gain allocated to Insight in the K-1. This provision of the Imprimis LLC Agreement reflected the parties' understanding that Insight would receive allocations of income that were subject to ordinary tax rates.

41. Imprimis' interpretation and implementation of the Imprimis LLC Agreement is supported by the plain meaning of "ordinary income." In accordance with the Allocation, the appropriate portion of the short term capital gains realized by Imprimis in 2000 was allocated to Insight.

42. Insight's contention that "ordinary income" is not the same as "short term capital gain" under the Code is inconsistent with the parties' understanding that the economics of the partnership allocations should reflect the economic arrangement between Imprimis and Insight - - *i.e.*, that Insight would first receive allocations of income that were taxable at higher ordinary rates before it received income taxed at lower long term capital gain rates because Insight was providing nothing more than advisory services to Imprimis.

43. Consistent with the language and intent of the Imprimis LLC Agreement, Insight received an allocation of $36,623,088 of short term capital gain for the tax year ended December 31, 2000, as that amount reflected items of income or gain treated as ordinary income and comprised a significant portion of Insight's 20 percent allocation.

## II.

## The *Danielson* Rule Prohibits Insight from Recharacterizing the Imprimis LLC Agreement and the Settlement Agreement

44. To the extent there was any ambiguity in the language of the Allocation, Insight agreed to accept Imprimis' interpretation of the meaning of that allocation (described above) in its execution of the Settlement Agreement.

45. Insight's acceptance of the meaning of the Allocation and the U.S. federal tax implications of the Allocation were memorialized in the Settlement Agreement through a release of all claims brought in that action.

46. The rule set forth in *Danielson v. Comm'r*, 378 F.2d 771 (3d Cir. 1967) (*en banc*), *cert. denied*, 389 U.S. 858 (1967) prohibits Insight's ability to recharacterize the terms of the Settlement Agreement at a later date to achieve favorable tax advantages.

47. To the extent there was any ambiguity in the language of the Allocation, Insight agreed to accept Imprimis' interpretation of the meaning of that allocation and cannot now disavow the Settlement Agreement to reap a tax windfall.

## III.

## Equitable Estoppel Prevents Insight from a Disavowal of the Imprimis LLC Agreement and the Settlement Agreement

48. The application of equitable estoppel prevents Insight from obtaining a reformation of the Imprimis LLC Agreement and the Settlement Agreement.

49. Equitable estoppel is applicable here because: (a) Insight, through the execution of the Settlement Agreement, communicated its acceptance of the U.S. federal tax implications of the Imprimis LLC Agreement as reported on the 2000 Imprimis Tax Return and related K-1 issued to Insight; (b) Imprimis and the non-Insight partners of Imprimis reasonably relied on Insight's communication and action; (c) Imprimis and the non-Insight partners of Imprimis will be materially harmed if Insight is permitted to assert a claim in this action that is inconsistent with the Settlement Agreement; and (d) Insight knew or should have known that Imprimis and the non-Insight partners of Imprimis would rely on Insight's communication.

**IV.**

**The Substantial Economic Effect Rule Has No Application to the Allocation**

50. Section 704(a) provides the general rule that a partner's distributive share of income, gain, loss, deduction, or credit shall be determined by the partnership agreement.

51. Section 704(b) applies to partnership allocations if either the partnership agreement fails to provide an allocation or the allocation does not have "substantial economic effect." Neither condition applies to this case.

52. The Imprimis LLC Agreement provided an allocation that does not invoke the concerns of Section 704(b) and the Regulations thereunder because it does not result in "tax avoidance." *See*, S. Rep. No. 938, 94th Cong., 2d Sess. 100 (1976) and *Allison v. United States*, 701 F.2d 933 (Fed. Cir. 1983).

53. The Allocation does not present a "tax avoidance" allocation because the Allocation actually increases the tax liability of Insight (or more precisely, the members of Insight).

54. Alternatively, Section 704(b) and the Regulations thereunder are satisfied because the Allocation has "economic effect" and is "substantial."

55. Furthermore, the Regulations on which Insight relies are not applicable to the present situation. Each of the partners impacted by the Allocation are pass-through entities and pay no U.S. federal income tax.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant and Insight as set forth in the Initial Complaint and herein.

Dated this 9th day of August, 2007.

Respectfully submitted,

s/Charles M. Ruchelman
CHARLES M. RUCHELMAN
Caplin & Drysdale, Chartered
One Thomas Circle, NW
Washington, DC 20005
Telephone: (202) 862-7834
Facsimile: (202) 429-3301
Email: cmr@capdale.com
*Counsel of Record for Plaintiffs*

CHRISTOPHER S. RIZEK
Caplin & Drysdale, Chartered
One Thomas Circle, NW
Washington, DC 20005
Telephone: (202) 862-8852
Facsimile: (202) 429-3301
Email: csr@capdale.com
*Of Counsel*

**CERTIFICATE OF SERVICE**

This is to certify that on August 9, 2007, Charles M. Ruchelman made service on counsel for the United States and counsel for Insight Venture Associates II, LLC by the U.S. Court of Federal Claims electronic court filing system and by mailing a copy of the foregoing document, in a postage-prepaid envelope, to the following addresses:

Jennifer P. Wilson, Esq.
Counsel for the United States
Department of Justice, Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, DC 20044

William F. Nelson, Esq.
Counsel for Participating Partner
McKee, Nelson LLP
1919 M Street, NW
Suite 200
Washington, DC 20036

s/Charles M. Ruchelman
CHARLES M. RUCHELMAN