IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Marian Blank Horn)
No. 07-209 T

IMPRIMIS INVESTORS LLC, WEXFORD SPECIAL SITUATIONS 1997 INSTITUTIONAL, LP, TAX MATTERS PARTNER,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

**ANSWER TO COMPLAINT FOR READJUSTMENT OF PARTNERSHIP ITEMS AND ANSWER TO AMENDMENT TO THE COMPLAINT FOR READJUSTMENT OF PARTNERSHIP ITEMS**

Defendant, the United States, through its attorneys, hereby answers the complaint for readjustment of partnership items filed by Wexford Special Situations 1997 Institutional, LP ("Wexford") as Tax Matters Partner of Imprimis Investors LLC ("Imprimis"), and the amendment to the complaint for readjustment of partnership items filed by Insight Ventures Associates II, LLC ("Insight") as participating partner. Defendant respectfully denies each and every allegation contained therein that is not admitted below. Defendant further responds as follows:



EXHIBIT
8

STIP0234

**ANSWER TO COMPLAINT
OF TAX MATTERS PARTNER**

1. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 1, and admits the remaining allegations in paragraph 1.

2. States that there are Schedule K-1 forms attached to the Form 1065 tax return filed by Imprimis for the tax year ended December 31, 2000, for five partners, Wexford Special Situations 1997 L.P., Wexford Special Situations 1997 Institutional, Wexford Spectrum Investors LLC, Insight Venture Associates II, LLC, and Wexford Partners Investment Company, and states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph 2.

3. Admits the allegations in the first two sentences of paragraph 3, and states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the third sentence in paragraph 3.

4-7. Admits the allegations in paragraphs 4 through 7.

8. Admits that if jurisdiction exists, it arises under 26 U.S.C. § 6226(a)(3) and 28 U.S.C. § 1508.

9. States that a deposit of $6,778.65 is reflected in the records of the Internal Revenue Service for Wexford for March 23, 2007, admits that the letter attached to the Complaint and marked as Exhibit 3 is dated March 21, 2007, and is addressed to the Ogden Service Center, and states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9.

10-12. States that the allegations in paragraphs 10 through 12 constitute legal argument to which no response is required.

13. Admits that the language quoted from "Inconsistent Position A" in the FPAA is accurately quoted and that the characterization of "Inconsistent Position B" in the FPAA is accurate, and states that the remaining allegations in paragraph 13 constitute legal argument to which no response is required.

14.a-d. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 14a. through 14.d.

14.e-f. Admits the allegations in paragraphs 14.e. and 14.f.

15.a-b. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 15.a. and 15.b.

15.c. Admits that a consulting agreement between Imprimis Investors LLC and Insight Venture Management, Inc., dated as of September 30, 1998, is attached to the Complaint and marked as Exhibit 4.

15.d-e. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 15.d. and 15.e.

15.f. Admits that the document described in paragraph 15.f. is attached to the Complaint and marked as Exhibit 5, and states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15.f.

15.g-h. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 15.g. and 15.h.

15.i. Admits that Exhibit 5 to the Complaint includes an Exhibit B, Section 3(f), denies that the provision is accurately quoted in paragraph 15.i. of the Complaint, and states that the remaining allegations in paragraph 15.i. constitute legal argument or characterization of a document to which no response is required.

15.j. Admits that Insight received an allocation of $36,623,088 of short term capital gain for the tax year ended December 31, 2000, from Imprimis, and states that the remaining allegations in paragraph 15.j. constitute legal argument to which no response is required.

15.k. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.k.

15.l. Admits that the document described in paragraph 15.l. is attached to the Complaint and marked as Exhibit 6, and states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15.l.

15.m. Admits that the document described in paragraph 15.m. is attached to the Complaint and marked as Exhibit 7, and states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15.m.

15.n. States that the allegation in the first sentence of paragraph 15.n. constitutes legal argument to which no response is required, and states that paragraphs 248 through 251 of Exhibit 7 to the Complaint are accurately quoted in paragraph 15.n.

15.o. States that the allegations in paragraph 15.o. constitute legal argument to which no response is required.

15.p. Admits that the document described in paragraph 15.p. is attached to the Complaint and marked as Exhibit 8, and states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15.p.

15.q. Admits the allegations in the first sentence of paragraph 15.q, and states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15.q.

15.r. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.r.

15.s. Admits that the document described in paragraph 15.s. is attached to the Complaint and marked as Exhibit 9, and states that the remaining allegations in paragraph 15.s. constitute characterization of a document to which no response is required.

15.t. Admits that the document described in paragraph 15.t. is attached to the Complaint and marked as Exhibit 10, and states that the remaining allegations in paragraph 15.t. constitute characterization of a document to which no response is required.

15.u. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.u.

15.v. Admits that the document described in paragraph 15.v. is attached to the Complaint and marked as Exhibit 11, and states that the remaining allegations in paragraph 15.v. constitute characterization of a document to which no response is required.

15.w. Denies that the provisions are accurately quoted in paragraph 15.w., and states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.w.

15.x. States that the allegation in paragraph 15.x constitutes legal argument to which no response is required.

15.y. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.y.

15.z. Admits the allegations in paragraph 15.z.

15.aa. Admits that the document described in paragraph 15.aa. is attached to the Complaint and marked as Exhibit 12, states that the language is accurately quoted in paragraph 15.aa., and states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15.aa.

15.bb. Admits that the document described in paragraph 15.bb. is attached to the Complaint and marked as Exhibit 13, states that the language is accurately quoted in paragraph 15.bb., and states that the remaining allegations in paragraph 15.bb. constitute characterization of a document to which no response is required.

15.cc. Admits that the document described in paragraph 15.cc. is attached to the Complaint and marked as Exhibit 14, states that the language is accurately quoted in paragraph 15.cc., and states that the remaining allegations in paragraph 15.cc. constitute characterization of a document to which no response is required.

15.dd. Admits that the document described in paragraph 15.dd. is attached to the Complaint and marked as Exhibit 15, states that the language is accurately quoted in paragraph 15.dd., and states that the remaining allegations in paragraph 15.dd. constitute characterization of a document to which no response is required.

15.ee-gg. States that the allegations in paragraphs 15.ee. through 15.gg. constitute legal argument to which no response is required.

**ANSWER TO AMENDMENT TO THE COMPLAINT OF PARTICIPATING PARTNER**

1. Admits the allegations in paragraph 1.

2. Admits the allegations in the first sentence of paragraph 2, and states that the records of the Internal Revenue Service indicate that the taxpayer identification number for Insight is 06-1491774.

3-6. Admits the allegations in paragraphs 3 through 6.

7. States that the allegations in paragraph 7 constitute legal argument to which no response is required.

8. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. States that the allegations in paragraph 9 constitute legal argument to which no response is required.

10. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. States that the allegations in paragraph 11 constitute legal argument to which no response is required.

12. States that the language quoted in paragraph 12 is accurately quoted, and states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12.

13-18. States that the allegations in paragraph 13 through 18 constitute legal argument to which no response is required.

19. States that the language quoted in paragraph 19 is accurately quoted.

20-21. States that the allegations in paragraphs 20 and 21 constitute characterization of a document to which no response is required.

22-35. States that the allegations in paragraphs 22 through 35 constitute legal argument to which no response is required.

36. Admits the allegation in paragraph 36.

37-38. States that the allegations in paragraphs 37 and 38 constitute legal argument to which no response is required.

WHEREFORE, the defendant prays that the Court sustain one of the "Inconsistent Positions" determined by the Internal Revenue Service, and that the Court award the United States such other and further relief as the Court deems appropriate, including costs.

Respectfully submitted,

s/Jennifer P. Wilson
JENNIFER P. WILSON
Attorney of Record
U.S. Department of Justice - Tax Division
*Court of Federal Claims Section*
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6496
(202) 540-9440 (facsimile)

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims

s/David Gustafson
Of Counsel

Attorneys for Defendant

July 27, 2007