SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------------x

IMPRIMIS INVESTORS LLC and
WI SOFTWARE INVESTORS LLC,

Plaintiffs,

- against -

INSIGHT VENTURE MANAGEMENT, INC.,
JEFFREY HORING and JERRY MURDOCK,

Defendants.

--------------------------------------------------------------x

INSIGHT VENTURE MANAGEMENT, INC.,
INSIGHT VENTURE ASSOCIATES II, LLC,
JEFFREY HORING, JERRY MURDOCK and
PETER SOBILOFF,

Counterclaim and
Third-Party Plaintiffs,

- against -

IMPRIMIS INVESTORS LLC,
WI SOFTWARE INVESTORS LLC and
WEXFORD CAPITAL LLC f/k/a
WEXFORD MANAGEMENT LLC,

Counterclaim and
Third-Party Defendants.

--------------------------------------------------------------x

Index No. 00-604431

IAS Part 49

Justice Cahn

**DEFENDANTS' AND THIRD-PARTY PLAINTIFFS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' AND THIRD-PARTY DEFENDANTS' SECOND SET OF INTERROGATORIES**

Pursuant to Section 3133 of the Civil Practice Law and Rules ("C.P.L.R."), defendants, counterclaim and third-party plaintiffs Insight Venture

EXHIBIT
9

Management, Inc., Insight Venture Associates II, LLC, Jeffrey Horing, Jerry Murdock, and Peter Sobiloff (collectively "the Insight parties"), by and through their attorneys Sullivan & Cromwell, herein respond and object to plaintiffs, counterclaim and third-party defendants Imprimis Investors LLC, WI Software Investors LLC, and Wexford Capital LLC's (collectively the "Plaintiffs") Second Set of Interrogatories dated May 23, 2002 (the "Interrogatories"), as follows:

## GENERAL OBJECTIONS

The General Objections set forth herein apply to each of the Plaintiffs' Interrogatories.

1. The Insight parties object to the Interrogatories, including each and every definition or instruction therein, to the extent that they impose burdens and duties on the Insight parties that exceed their obligations under the C.P.L.R.

2. The Insight parties object to the Interrogatories to the extent they seek information or the production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege, protection or immunity. In responding to the Interrogatories, the Insight parties do not waive, and expressly preserve, the attorney-client privilege, the work product doctrine, and any other applicable privilege. In addition, any response supplied hereto should not be construed as a knowing or effective waiver of any applicable privilege with respect to any information or document or its subject matter, or a waiver of any right whatsoever.

3. The Insight parties object to the Interrogatories to the extent they seek information or the production of documents that is confidential to the Insight parties. To the extent such information is provided in response to an otherwise proper Interrogatory, the information is supplied subject to parties' confidentiality stipulation.

4. The Insight parties object to the Interrogatories to the extent they are vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of relevant or admissible evidence. The Insight Parties further object to the Interrogatories on the ground that the Interrogatories instructions fail to sufficiently identify the predecessor or successor entities, prior or current affiliates, including general and/or limited partners, and each of their respective officers, directors, partners, employees, agents and designees sought to be encompassed within each of the relevant Interrogatories.

5. The Insight parties object to the Interrogatories to the extent they seek documents or information that postdate the filing of plaintiffs' complaint in this matter on the grounds that to such extent they are overly broad, unduly burdensome and seek documents or information that are not material and necessary in the prosecution or defense of any claim in this action.

6. The Insight parties object to the Interrogatories to the extent that they seek information that is not directly within the Insight parties' possession, custody or control or seek information that is already in the possession of the Plaintiffs.

## OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1. The Insight parties object to definition 10 on the ground that it is unduly burdensome and oppressive to the extent it purports to define the term "document" more broadly than is recognized under the C.P.L.R.

2. The Insight parties object to definition nos. 1, 2, 3, 4, 5, 6 ("Insight Entities"), 7, 8, and 9 on the grounds that, to the extent such definitions purport to broaden the scope of any Interrogatory to any predecessor or successor entities, prior or current affiliates, including general and/or limited partners, and each of their respective officers, directors, partners, employees, agents and designees, such definitions are vague, ambiguous, overly broad, unduly burdensome, and beyond the scope permitted by Referee Solomkin's Compliance Conference Order dated May 17, 2002 ("Order").

3. The Insight parties object to definition no. 6 ("Defendant Employee") on the grounds that, to the extent such definitions purport to broaden the scope of any Interrogatory to any agent of the Insight parties, it is vague, ambiguous, overly broad, unduly burdensome, and beyond the scope permitted by Referee Solomkin's Order.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiving the General Objections and the Objections to Definitions, which are incorporated by reference in each specific "Response" below, the Insight parties respond to particular requests as follows:

**Interrogatory No. 1**

Identify each Defendant Employee who was directly or indirectly involved in identifying any of (i) the Investee Companies or (ii) the Disputed Investments as potential investments for Insight or any party investing at the suggestion of Insight.

**Response to Interrogatory No. 1**

The Insight parties object to this Interrogatory on the grounds that it is vague, ambiguous, unduly burdensome, overly broad, and calls for information beyond the scope permitted by Referee Solomkin's Order. Subject to the foregoing objections, the General Objections and Objections to Definitions, the Insight parties annex hereto Schedules 1 and 2.

**Interrogatory No. 2**

For each Defendant Employee identified in response to the foregoing interrogatory, specify (i) the Investee Company and/or Disputed Investment Company such Defendant Employee was involved in identifying and (ii) identify each person at such Investee Company or Disputed Investment Company with whom such Defendant Employee had any substantive communication regarding an actual or potential investment by Insight and/or any of its co-investors.

**Response to Interrogatory No. 2**

The Insight parties object to this Interrogatory, to the extent that it requires the identification of persons at Investee Company or Disputed Investment Company with whom a Defendant Employee had any substantive communications regarding an actual or potential investment by Insight and/or any of its co-investors, on the grounds that it is

vague, ambiguous, unduly burdensome, overly broad, and calls for information beyond the scope permitted by Referee Solomkin's Order. Subject to the foregoing objections, the Insight parties annex hereto Schedule 2.

**Interrogatory No. 3**

Identify each Defendant Employee who was directly or indirectly involved in identifying (i) actual or potential co-investors in any Investee Company or Disputed Investment Company or (ii) actual or potential investors in any of the Insight Entities.

**Response to Interrogatory No. 3**

The Insight parties object to this Interrogatory on the grounds that it is vague, ambiguous, unduly burdensome, overly broad, and calls for information beyond the scope permitted by Referee Solomkin's Order dated May 17, 2002. Subject to the foregoing objections, the General Objections and Objections to Definitions, the Insight annex hereto Schedule 3.

**Interrogatory No. 4**

For each Defendant Employee identified in response to the foregoing interrogatory, specify (i) the actual or potential co-investor or investor such Defendant Employee was involved in identifying and (ii) identify each person constituting or affiliated with such actual or potential co-investor or investor with whom such Defendant Employee had any substantive communication in connection with any such actual or potential co-investment or investment.

**Response to Interrogatory No. 4**

The Insight parties object to this Interrogatory on the grounds that it is vague, ambiguous, unduly burdensome, overly broad, and calls for information beyond the scope permitted by Referee Solomkin's Order dated May 17, 2002. Subject to the foregoing objections, the General Objections and Objections to Definitions, the Insight annex hereto Schedule 3.

**Interrogatory No. 5**

Identify each person who prepared, or helped to prepare, answers to the foregoing interrogatories, as well as each person who provided information used in the preparation of such answers.

**Response to Interrogatory No. 5**

For its response to this Interrogatory, subject to the General Objections and the Objections to Definitions, the Insight parties state that some or all of the individuals listed in Schedules 1, 2, & 3 assisted in the preparation of the answers to the foregoing interrogatories.

**Interrogatory No. 6**

Identify each document referred to or otherwise used by any person in connection with the preparation of the answers to the foregoing interrogatories not otherwise identified in response hereto.

**Response to Interrogatory No. 6**

For its response to this Interrogatory, subject to the General Objections and the Objections to Definitions, the Insight parties state that no documents were used in connection with the preparation of the answers to any of the foregoing interrogatories.

Dated: New York, New York
June 12, 2002

By ______________________

David B. Tulchin
Karl H. Buch
Daniel H.R. Laguardia
SULLIVAN & CROMWELL
125 Broad Street
New York, New York 10004
(212) 558-4000

Attorneys for the Insight Parties

To: Martin S. Seigel
BROWN RUDNICK BERLACK ISRAELS LLP
120 West 45th Street
New York, New York 10036
(212) 704-0100 (Main)
(212) 704-0196 (Facsimile)

Attorneys for Plaintiffs
Imprimis Investors LLC and
WI Software Investors LLC

CERTIFICATE OF SERVICE

I certify that, on this the 12th day of June, 2002, I caused a true and accurate copy of the foregoing Defendants' and Third-party Plaintiffs' Responses and Objections to Plaintiffs' and Third-Party Defendants' Second Set of Interrogatories Responses and Objections to be served by facsimile on counsel for Plaintiffs Imprimis Investors LLC and WI Software Investors LLC, at the following address:

Martin S. Siegel, Esq.
BROWN RUDNICK BERLACK ISRAELS
120 West 45th Street
New York, New York 10036
Fax No. (212) 704-0196

Karl H. Buch

CERTIFICATION

I am a Principal and Legal and Administrative Director of defendant Insight Venture Management, Inc. I am authorized to make this Certification on behalf of the Insight parties.

I certify that the foregoing answers made by the Insight parties to these Interrogatories are true. I am aware that if any of the foregoing answers are willfully false, I and each of the Insight parties are subject to punishment.

I certify that in responding to the foregoing Interrogatories, I have furnished relevant information available to the Insight parties.

By: ______________________
Blair Flicker

Schedule 1

This schedule is based upon current recollections and may therefore be incomplete. Subject to further discovery, document review, and improved recollection, the Insight parties reserve the right to supplement this schedule.

| Investee Company | Defendant Employee | Investee Company Contact |
|---|---|---|
| Abid4charity | Jerry Murdock<br>Bonnie Lewis | Glenn Fuhrman |
| Actions Systems | Jeffrey Horing<br>Ramanan Raghavendran | Robert Hall |
| APAR Infotech | Ramanan Raghavendran | Kushal Desai |
| APP Group | Jeffrey Horing<br>Tom Cheung | Eduard Mika<br>Petr Nevicky |
| Beechwood Data Systems | Jeffrey Horing<br>Jerry Murdock | Don Rankin |
| Configured Energy Systems | Jeff Horing<br>Jeffrey Lieberman<br>Tom Cheung | Ken Geisler |
| Easy Phone | Ramanan Raghavendran | Carlos Quintas |
| Eliance Corp. | Jeffrey Horing<br>Michael Triplett<br>Greg Grimaldi<br>Ramanan Raghavendran | David Erickson |
| Enermetrix.com | Jeffrey Horing<br>Jeff Lieberman | John Gaus |
| Exchange Applications, Inc. | Jeffrey Horing<br>Ramanan Raghavendran | Andrew Frawley |
| Harris & Jeffries, Inc. | Ramanan Raghavendran<br>John Losier<br>Deven Parekh | David Jeffries |
| Hologix, Inc. | Jeffrey Horing<br>Peter Sobiloff<br>Tom Cheung | Dan O'Neill |

| | | |
|---|---|---|
| I-Many, Inc. | Jeffrey Horing<br>Peter Sobiloff<br>Bill Doyle<br>Tom Cheung | Alan Hyman |
| iMedeon, Inc. | Ramanan Raghavendran<br>Jeffrey Lieberman<br>Tom Cheung | Joseph Mediate |
| MarketMax, Inc. | Peter Sobiloff<br>Ramanan Raghavendran<br>Deven Parekh | Lory Shafer |
| MediaPassage Inc. | Jeffrey Horing<br>Peter Sobiloff<br>Jim Stuart | Gilbert Scherer |
| Metasys Inc. | Jeffrey Horing<br>Tom Cheung | Patrick Thean |
| Meta4 SA | Jeffrey Horing<br>Jerry Murdock | Juan Moran |
| Optum Software, Inc. | Jeffrey Horing<br>Tom Cheung | Boris Reznick |
| Promira Software, Inc. | Jeffrey Horing<br>Tom Cheung | Martin Horne |
| Rockport Trade Systems, Inc. | Ramanan Raghavendran<br>Peter Sobiloff | Susan Welch |
| SeeBeyond Technologies Corp. | Jeffrey Horing<br>Jerry Murdock<br>Tom Cheung | Jim Demtriades |
| SLP Infoware | Jeff Horing<br>Jerry Murdock<br>Peter Sobiloff<br>Tom Cheung | Jean Schmidt |
| Software Consulting Corp. | Jeffrey Horing<br>Peter Sobiloff<br>Bill Doyle<br>Tom Cheung | Alan Hyman |

| | | |
|---|---|---|
| Software Technologies Corp. | Jeffrey Horing<br>Jerry Murdock<br>Tom Cheung | Jim Demtriades |

Schedule 2

This schedule is based upon current recollections and may therefore be incomplete. Subject to further discovery, document review, and improved recollection, the Insight parties reserve the right to supplement this schedule.

| Disputed Company | Defendant Employee | Disputed Company Contact |
| --- | --- | --- |
| Altitude | Jeffrey Horing<br>Ramanan Raghavendran<br>Roel Pieper | Carlos Quintas |
| Authorize.Net | Jerry Murdock<br>Mike Triplett | Jeffrey Knowles<br>David O. Heaps |
| Click Commerce, Inc. | Jerry Murdock<br>Mike Triplett | Michael Ferro<br>Richard Weingarten |
| Convergent Group, Inc. | Jerry Murdock<br>John Blend<br>Jeffrey Lieberman | Glenn Montgomery |
| Greenfield Online, Inc. | Jeffrey Horing<br>Peter Sobiloff<br>Jeffrey Lieberman | Rudy Nadillo<br>Andy Greenfield |
| Huon Holdings, Inc. | Jeffrey Horing | Malcom Freake |
| Illuminet, Inc. | Jerry Murdock<br>Jeffrey Horing<br>Tom Cheung | Roger Moore |
| Quest Software, Inc. | Jeffrey Horing<br>Jerry Murdock<br>Mike Triplett | Vinny Smith |
| Xelus, Inc. (f/k/a LPA Software Inc.) | Jeffrey Horing<br>Peter Sobiloff<br>Tom Cheung | Lawrence Peckham<br>Tom Young<br>Michael Fabiaschi |

Schedule 3

This schedule is based upon current recollections and may therefore be incomplete. Subject to further discovery, document review, and improved recollection, the Insight parties reserve the right to supplement this schedule.

| Disputed Investment Company | Defendant Employee | Co-Investor | Co-Investor Contact |
|---|---|---|---|
| Convergent Group, Inc. | Jeffrey Horing | Goldman Sachs<br><br>UBS | Elizabeth Farley-Campe<br><br>Hyunja Laskin |
| Greenfield Online, Inc. | Jeffrey Horing | UBS<br><br>MSD Capital | Hyunja Laskin<br><br>Glenn Furman |
| Huon Holdings, Inc. | Jeffrey Horing | UBS<br><br>Warburg Pincus | Hyunja Laskin<br><br>Stewart Gross |
| Quest Software, Inc. | Jeffrey Horing | UBS | Hyunja Laskin |
| Xelus, Inc. (f/k/a LPA Software Inc.) | Jeffrey Horing<br>Peter Sobiloff | UBS<br><br>Oak Investments<br><br>Integral Capital Partners | Hyunja Laskin<br><br>Ed Glassmeyer<br><br>Glen Kacher |