22

Andrias, J.P., Saxe, Sullivan, Friedman, Gonzalez, JJ.

2530 Imprimis Investors LLC, et al.,
Plaintiffs-Respondents,

-against-

Insight Venture Management, Inc., et al.,
Defendants-Appellants.

[And A Third-Party Action]

Martin S. Siegel

David B. Tulchin

Order, Supreme Court, New York County (Herman Cahn, J.), entered June 11, 2002, which denied defendants' motion for partial summary judgment on their counterclaims and granted plaintiffs' cross motion to amend the complaint, unanimously affirmed, with costs.

The IAS court correctly held that an issue of fact exists as to whether defendant Insight Venture Associate II (Insight V-II)'s right to its share of profits under its limited liability company agreement with plaintiff Imprimis Investors LLC (Imprimis) was dependent upon defendant Insight Venture Management (Insight Mgt.)'s compliance with its consulting agreement with Imprimis to identify investment opportunities (see Rudman v Cowles Communications, 30 NY2d 1, 13). Indeed, the interdependence of these two contemporaneous agreements (see Flemington Natl. Bank & Trust Co. v Domler Leasing Corp., 65 AD2d 29, 32, affd 48 NY2d 678) was alleged by the Insight parties in their original answer, which, although amended, constitutes an



EXHIBIT
11

informal judicial admission (see Botoni v Friedlander, 197 AD2d 281, 291-292, lv denied 84 NY2d 803), requiring further explanation (see New Haven Props. v Grinberg, 293 AD2d 386). Absent such further explanation, the only apparent reason for giving Insight V-II a performance-based share of the profits ("carry") on certain of Imprimis's investments would be as consideration for Insight Mgt.'s services under the consulting agreement (cf. National Union Fire Ins. Co. v Clairmont, 231 AD2d 239, 242-243, lv dismissed 91 NY2d 866, 92 NY2d 868). A potential finding of interdependence is further supported by evidence that the Insight parties are alter egos. We also reject the Insight parties' contention that because their claim is liquidated and past due while Imprimis's claim is unliquidated and disputed, Imprimis is not entitled to a setoff. While the amount of the allocation is not disputed, Insight V-II's entitlement thereto plainly is. The schedules and tax filing by Imprimis on which the Insight parties rely are not binding judicial admissions showing otherwise.

The foregoing necessarily raises issues of fact as to Insight V-II's conversion claim, since, as the party seeking partial summary judgment, it failed to carry its burden of showing the required element of ownership or the right to

possession of the undistributed funds (see Republic of Haiti v Duvalier, 211 AD2d 379, 384).

The motion court properly granted Imprimis leave to amend the complaint to add allegations against Insight V-II, despite the prior order and judgment dismissing the complaint in its entirety as against that party. While the motion culminating in the prior order was nominally for summary judgment, it was directed to the sufficiency of the pleading and not to the proof, as the motion court properly recognized and clearly noted in its decision. Under the circumstances, the amendment to add factual allegations to substantiate the dismissed conclusory alter ego allegations regarding the relationship among the Insight parties, including Insight V-II, was permissible (see 175 E. 74th Corp. v Hartford Acc. & Indem. Co., 51 NY2d 585, 590, n1), and was within the court's discretion to allow despite the failure to seek leave to replead in opposition to the prior motion (see Elliman v Elliman, 259 AD2d 341). In the absence of prejudice, and particularly in view of the notice of the alter ego claim given in the dismissed pleading, such discretion was properly exercised (see Valdes v Marbrose Realty, 289 AD2d 28, 29; Sheppard v Blitman/Atlas Bldg. Corp., 288 AD2d 33, 35).

We have considered appellants' other contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: DECEMBER 12, 2002

Catherine O'Hagan Wolfe
CLERK