SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

------------------------------------------------------------ x

IMPRIMIS INVESTORS LLC and WI SOFTWARE INVESTORS LLC, :

Plaintiffs, : Index No. 00-604431

-against- :

INSIGHT VENTURE MANAGEMENT, INC., JEFFREY HORING, JERRY MURDOCK, INSIGHT VENTURE ASSOCIATES II, LLC, and INSIGHT VENTURE ASSOCIATES III, LLC, :

Defendants. :

------------------------------------------------------------ x

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

SULLIVAN & CROMWELL
125 Broad Street
New York, New York 10004
(212) 558-4000

Attorneys for Defendants Insight Venture Management, Inc., Jeffrey Horing, Jerry Murdock, Insight Venture Associates II, LLC and Insight Venture Associates III, LLC

David B. Tulchin
Daniel H.R. Laguardia,

Of Counsel.

November 22, 2000

EXHIBIT
12

**TABLE OF CONTENTS**


Page

Preliminary Statement . . . . . . . . . . . . . . . . . . . 1

**FACTS** . . . . . . . . . . . . . . . . . . . . . . . . 3

A. The Parties . . . . . . . . . . . . . . . . . . 3

B. Background . . . . . . . . . . . . . . . . . . 6

C. The Contracts . . . . . . . . . . . . . . . . . 7

D. The Complaint . . . . . . . . . . . . . . . . . 9

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . 10

**PLAINTIFFS' ACTION MAY ONLY BE BROUGHT IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE** . . . . . . . . . . . . . . . . . . . . . . 10

A. WISI's Claims Must Be Dismissed Under the Forum Selection Clause. . . . . . . . . 11

B. Each Insight Party Named in the Complaint is Protected by the Forum Selection Clause. . . . . . . . . . . . . . . . . 16

1. The Insight parties are "closely related" to the signatories of the WISI Agreements. . . . . . . . . . . . . . . . . . 16

2. Insight Venture II is an indispensable party. . . . . . . . . . . . . 18

C. Dismissal of the WISI Claims Requires That Imprimis' Claims Also Be Dismissed. . . . . . . . 20

1. Imprimis cannot proceed alone because WISI is an indispensable and unavailable party. . . . . . . . . . . 21

2. Imprimis' claims should be stayed or dismissed because separate suits would not be in the interest of justice. . . . . 22

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . 24

# TABLE OF AUTHORITIES

Page(s)

Cases:

Bayly, Martin & Fay, Inc. v. Glasser, 92 A.D.2d 850, 460 N.Y.S.2d 575 (1st Dep't 1983), aff'd, 60 N.Y.2d 577, 454 N.E.2d 124, 467 N.Y.S.2d 43 (N.Y. 1983) (mem.) .......... 13-14

The Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972) .......... 11

Brooke Group Ltd. v. JCH Syndicate 488, 87 N.Y.2d 530, 663 N.E.2d 635, 640 N.Y.S.2d 479 (N.Y. 1996) .......... 10

Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd., 709 F.2d 190 (3d Cir. 1983), abrogated on other grounds, Lauro Lines v. Chaser, 490 U.S. 495 (1989) .......... 15

Columbia Casualty Co. v. Bristol-Myers Squibb Co., 215 A.D.2d 91, 635 N.Y.S.2d 173 (1st Dep't 1995) .......... 22

Com-Tech Associates v. Computer Associates Int'l, Inc., 753 F. Supp. 1078 (E.D.N.Y. 1990), aff'd on other grounds, 938 F.2d 1574 (2d Cir. 1991) .......... 13

Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287 (3d Cir. 1996) .......... 17

Design Strategy Corp. v. Nghiem, 14 F. Supp. 2d 298 (S.D.N.Y. 1998) .......... 10

Direct Mail Production Services Ltd. v. MBNA Corp., No. 99 Civ. 10550, 2000 WL 1277597 (S.D.N.Y. Sep. 6, 2000) .......... 16-17

Elf Atochem N.A., Inc. v. Jaffari, 727 A.2d 286 (Del. 1999) .......... 4, 15, 22

Elia Corp. v. Paul N. Howard Co., 391 A.2d 214 (Del. Super. 1978) .......... 10



STIP0270

Page(s)

Hugel v. Corporation of Lloyd's, 999 F.2d 206 (7th Cir. 1993) .......... 17

Islamic Republic of Iran v. Pahlavi, 62 N.Y.2d 474, 467 N.E.2d 245, 478 N.Y.S.2d 597 (N.Y. 1984) .......... 23

Lauro Lines v. Chaser, 490 U.S. 495 (1989) .......... 15

Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285 (11th Cir. 1998), cert. denied, 525 U.S. 1093 (1999) .......... 17

In re Lloyd's Am. Trust Fund Lit., 954 F. Supp. 656 (S.D.N.Y. 1997) .......... 17

Manetti-Farrow v. Gucci America, Inc., 858 F.2d 509 (9th Cir. 1988) .......... 16

Manufacturers and Traders Trust Co. v. Erie County Indus. Dev. Agency, 269 A.D.2d 871, 703 N.Y.S.2d 636, 2000 N.Y. Slip Op. 01457 (4th Dep't Feb. 16, 2000) .......... 12

Micro Balanced Prod. Corp. v. Hlavin Indus. Ltd., 238 A.D.2d 284, 667 N.Y.S.2d 1 (1st Dep't 1997) .......... 15

Nau v. Vulcan Rail & Construction Co., 286 N.Y. 188, 36 N.E.2d 106 (N.Y. 1941) .......... 12

Outokumpu Engineering Enterprises, Inc. v. Kvaerner Enviropower, Inc., 685 A.2d 724 (Del. Super. 1996) .......... 10

Process and Storage Vessels, Inc. v. Tank Service, Inc., 541 F. Supp. 725 (D. Del. 1982), aff'd, 760 F.2d 260 (3d Cir. 1985) (table) .......... 10

Roby v. Corporation of Lloyd's, 996 F.2d 1353 (2d Cir. 1993) .......... 11

Sambee Corp. Ltd. v. Moustafa, 216 A.D.2d 196, 628 N.Y.S.2d 664 (1st Dep't 1995) .......... 22

Scherk v. Alberto-Culver Co., 417 U.S. 506 (1974) .......... 13

Page(s)

Simon v. The Navellier Series Fund, No. 17734, 2000 WL 1597890 (Del. Ch. Oct. 19, 2000) ......... 12-13

Thurston v. Paul Buyan Hardware Stores, Inc., 80 A.D.2d 971, 438 N.Y.S.2d 617 (3d Dep't 1981) ..... 19

Ush Ventures v. Global Telesystems Group, Inc., No. C.A. 97C-08-086, 1998 WL 281250 (Del. Super. May 21, 1998) ......................... 15

Statutes:

CPLR § 327 ...................................... 1, 21, 22

CPLR § 1001(a) ................................... 18, 20

CPLR § 1001(b) ................................... 19, 21

CPLR § 3211(a)(2) .................................. 1

CPLR § 3211(a)(7) .................................. 1

CPLR § 3211(a)(10) ................................. 1

Delaware Limited Liability Company Act, codified at DEL. CODE ANN. tit. 6, §§ 18-101 to 18-1109 ........... 3

DEL. CODE ANN. tit. 6, § 18-401 ............................ 4

Miscellaneous:

17A AM. JUR. 2d, Contracts § 388 (1991) .................. 12

3 JACK B. WEINSTEIN ET AL., NEW YORK CIVIL PRACTICE 1001.01 (2000) .................................. 18

2 JACK B. WEINSTEIN ET AL., NEW YORK CIVIL PRACTICE 327.02 (2000) .................................. 23

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

---------------------------------------- x

IMPRIMIS INVESTORS LLC and WI SOFTWARE INVESTORS LLC, :

Plaintiffs, : Index No. 00-604431

-against- :

INSIGHT VENTURE MANAGEMENT, INC., JEFFREY HORING, JERRY MURDOCK, INSIGHT VENTURE ASSOCIATES II, LLC, and INSIGHT VENTURE ASSOCIATES III, LLC, :

Defendants.

---------------------------------------- x

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

Insight Venture Management, Inc. ("Insight"), Jeffrey Horing, Jerry Murdock, Insight Venture Associates II, LLC and Insight Venture Associates III, LLC (sometimes collectively referred to as "the Insight parties") submit this memorandum of law in support of their motion under CPLR § 327 and CPLR § 3211(a)(2), (7), (10) to dismiss the Complaint.

## Preliminary Statement

The Complaint in this action seeks $540 million in damages based on the assertion that plaintiffs Imprimis

Investors LLC ("Imprimis") and WI Software Investors LLC ("WISI") were entitled by contract to invest in certain "Investment Opportunities" that Insight identified in the software and related industries.[1] By the very contracts to which plaintiffs point, any obligation on Insight's part to provide plaintiffs with a right to invest in these deals expired on April 3, 1999 -- long before most of the investments were made. Thus, most of the claims asserted are deficient on the very face of the Complaint. Beyond that, there was no breach of any obligation to plaintiffs. They were both fully informed of the proposed deals described in their Complaint but chose not to make the investments they now wish -- with the benefit of 20/20 hindsight -- they had made.

Insight complied with all its obligations to plaintiffs. It offered them opportunities to invest in a large number of Investment Opportunities. Where plaintiffs chose to invest, they have made many millions of dollars in profit -- thanks to the skill and acumen of Insight, which identified these opportunities to them. Plaintiffs and

---

1 A copy of the Complaint is attached to the Affidavit of Scott M. Maxwell ("Maxwell Aff."), sworn to November 20, 2000, as Exhibit 5.

Wexford Management LLC ("Wexford"), with which they are affiliated, would never have been nearly so successful had Insight not located the potential investments, and then developed and implemented strategies for these deals. Plaintiffs' gratitude for Insight's brilliant work -- which has greatly profited plaintiffs -- is to bring this meritless action in which they seek even more.

Beyond all that, plaintiffs' claims are not properly brought in this Court in the first place because of a forum selection clause in a contract between two of the parties.

## FACTS

### A. The Parties

Plaintiffs WISI and Imprimis are both Delaware Limited Liability Companies ("LLCs")[2] that were formed for the purpose of making investments "in the software and related industries." (Complaint, ¶¶ 7-8.)

Both WISI and Imprimis are closely affiliated with Wexford, an investment and asset management firm

---

2 A Delaware Limited Liability Company ("LLC") is a creature of Delaware law formed by "one or more members" under the Delaware Limited Liability Company Act, codified at DEL. CODE ANN. tit. 6, §§ 18-101 to 18-1109.

located in Greenwich, Connecticut. WISI was formed as of April 3, 1997, by Wexford, WI Software Holding LLC (another Wexford-controlled entity) and defendant Insight Venture Associates II, LLC ("Insight Venture II") so as "to implement the WISI [Consulting] Agreement." (Complaint, ¶ 27.) The referenced Consulting Agreement recites that its purpose is to allow Wexford, through WISI, to "engage InSight to advise on investments." (WISI Consulting Agreement (Maxwell Aff., Exh. 2), at 1.) The only two Members[3] of plaintiff WISI are WI Software Holding LLC and Insight Venture II; Wexford is WISI's Manager.[4] (Limited Liability Company Agreement of WI Software Investors LLC ("WISI LLC Agreement") (Maxwell Aff., Exh. 1), at 45.)

Imprimis, the other plaintiff here, was formed as of September 30, 1998, by Wexford and Insight Venture II as well as by three other Wexford affiliates.[5] (Amended and Restated Limited Liability Company Agreement of Imprimis

---

3 A Member of a Delaware LLC is an owner, and "is treated much like a limited partner under the" Delaware Limited Partnership Act. <u>Elf Atochem N.A., Inc.</u> v. <u>Jaffari</u>, 727 A.2d 286, 290 (Del. 1999).

4 Under the Act, Members may delegate management of the LLC to a "Manager." DEL. CODE ANN. tit. 6, § 18-401.

5 Wexford Special Situations 1997, L.P., Wexford Special Situations 1997 Institutional, L.P. and Wexford Spectrum Investors LLC. (Maxwell Aff., Exh. 3, at 24.)

Investors LLC ("Imprimis LLC Agreement") (Maxwell Aff., Exh. 3), at 1, 24; see also Complaint, ¶ 37.) The Imprimis LLC Agreement was adopted so as "to implement the Imprimis [Consulting] Agreement" (Complaint, ¶ 37), and that second Consulting Agreement was entered into because "Imprimis desire[d] to engage InSight to advise on investments." (Imprimis Consulting Agreement (Maxwell Aff., Exh 4), at 1.) Thus, both plaintiffs were formed by Wexford and Insight Venture II so as to enter into the Consulting Agreements through which Insight provided them advice.

Although plaintiffs do not disclose as much, defendant Insight Venture II has a 20% interest in investment profits made by Imprimis and WISI,[6] meaning that the Insight parties had an incentive to see that Imprimis and WISI would make as much money as possible.

Insight, a Delaware company, provides management and investment services. (Complaint, ¶ 9.) Insight Venture II and Insight Venture Associates III, LLC ("Insight Venture III") are also both Delaware LLCs and are affiliated with Insight. (Maxwell Aff., ¶ 2; Complaint, ¶¶ 12-13.) According to the Complaint, defendants Horing

6 Maxwell Aff., Exh. 1, Section 9.2.1.1.4, at 25; Maxwell Aff., Exh. 3, Section 5 of Exhibit B, at 6.

and Murdock control the other Insight parties. (Complaint, ¶¶ 10, 11.)

Thus, both plaintiffs and three of the five defendants are Delaware entities. The two plaintiffs are creatures of contracts, and were created as Delaware LLCs by Wexford and Insight Venture II so that they could enter into the consulting contracts on which they now sue the Insight parties.

**B. Background**

Wexford is an investment firm which invests in private equity investments. (Complaint, ¶ 16.) Wexford's track record of investments in recent years has been immeasurably aided by the success of investments it made by "piggy-backing" on Insight's own bets. (See Complaint, ¶ 23.) Indeed, Wexford and its affiliated entities, including the two plaintiffs, have made more money as a result of Insight's successes than they have made as a result of their own skill or efforts. Nevertheless, plaintiffs now allege that Insight breached its duties to them in order to divert profits to the other Insight parties. (Complaint, ¶¶ 65, 67.) This is entirely untrue, although not directly relevant to the present motion.

C. **The Contracts**

The Complaint refers to two groups of contracts (a total of four) between the parties: first, the WISI Consulting Agreement and the WISI LLC Agreement (Complaint, ¶¶ 26-27; Maxwell Aff., Exh. 2, Exh. 1); and second, the Imprimis Consulting Agreement and the Imprimis LLC Agreement. (Complaint, ¶¶ 36-37; Maxwell Aff., Exh. 4, Exh. 3.)

The two WISI Agreements were both executed as of April 3, 1997. (Maxwell Aff., Exh. 1, at title page; Maxwell Aff., Exh. 2, at 1.) The WISI LLC Agreement was executed so as "[t]o implement the WISI Consulting Agreement." (Complaint, ¶ 27.) Together, these two contracts established a relationship in which Insight made available certain investment opportunities to WISI and, in exchange, Insight received management fees under the Consulting Agreement and Insight Venture II obtained a 20% interest in WISI's profits. (Maxwell Aff., Exh. 2, ¶ 5, at 3; Maxwell Aff., Exh. 1, Section 9.2.1.1.4, at 25.)

The two Imprimis Agreements were also executed as of the same day -- September 30, 1998. (Complaint, ¶¶ 36, 37.) As with WISI, Wexford is the manager of Imprimis and its Members are Wexford entities and Insight Venture II.

(Complaint, ¶ 37; Maxwell Aff., Exh. 3, at 24.) The Imprimis LLC Agreement was executed so as "[t]o implement the Imprimis [Consulting] Agreement." (Complaint, ¶ 37.) Exactly as with the WISI contracts, under the two Imprimis Agreements, Insight made available certain investment opportunities to Imprimis and, in exchange, Insight received management fees under the Consulting Agreement and Insight Venture II obtained a 20% interest in Imprimis' profits. (Maxwell Aff., Exh. 4, ¶ 5, at 3; Maxwell Aff., Exh. 3, Section 5 of Exhibit B, at 6.)

By the terms of both Consulting Agreements, Insight's obligations to the Wexford entities expired no later than April 3, 1999. (Maxwell Aff., Exh. 2, ¶ 1, at 1; Maxwell Aff., Exh. 4, ¶ 1, at 1.)

Most importantly for the purposes of this motion, the WISI LLC Agreement provides that WISI may bring suit against Insight Venture II only in Chancery Court of the State of Delaware.[7]

---

[7] Section 16.8 of the WISI LLC Agreement states in relevant part:

> Jurisdiction; Service of Process. **Any action** or proceeding **to** interpret, apply or **enforce** the provisions of this Agreement, or the duties, obligations or liabilities of the Company to the Members or Managers, or **the duties, obligations or liabilities** among Member or Managers and **of Members** or

(Footnote continued)

D. **The Complaint**

In their Complaint, plaintiffs allege that Insight breached the Consulting Agreements and that the five Insight defendants "diverted" investment opportunities from Wexford and towards "favored parties." (Complaint, ¶ 67.) Besides the claim that this alleged "diversion" was a breach of contract by Insight, the two plaintiffs jointly make claims against all defendants for fraud, misrepresentation, tortious interference, unjust enrichment, etc. The Complaint alleges in separate paragraphs that in order "to implement" the consulting agreements under which plaintiffs sue, Wexford and Insight "created" the two plaintiffs by means of the LLC Agreements. (Complaint, ¶¶ 27, 37.) It is thus clear -- from the Complaint itself

---

Managers **to the Company**, or the rights or powers of, or restrictions on, the Company, the Members or the Managers **shall be brought in the Court of Chancery of the State of Delaware and the parties hereto consent to the exclusive jurisdiction of the Court of Chancery of the State of Delaware with respect to such matters.** In furtherance thereof and not in limitation thereof, the Members and the Managers consent to be subject to the **exclusive jurisdiction** of the courts of the State of Delaware with respect to the matters set forth in the preceding sentence and each waives any objection to venue laid therein.

(Maxwell Aff., Exh. 1, Section 16.8, at 43 (emphasis added).) The LLC Agreement defines (a) "Company" to be WISI (Maxwell Aff., Exh. 1, at 1); (b) "Manager" to be Wexford (Maxwell Aff., Exh. 1, at 45); and (c) "Members" to be Insight Venture II and WI Software Holding LLC. (Maxwell Aff., Exh. 1, at 45.)

-- that the consulting contracts are inextricably intertwined with the LLC Agreements.

## ARGUMENT

### PLAINTIFFS' ACTION MAY ONLY BE BROUGHT IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

Forum selection clauses are "prima facie valid and enforceable unless shown by the resisting party to be unreasonable." Brooke Group Ltd. v. JCH Syndicate 488, 87 N.Y.2d 530, 534, 663 N.E.2d 635, 637, 640 N.Y.S.2d 479, 481 (N.Y. 1996). See also Elia Corp. v. Paul N. Howard Co., 391 A.2d 214, 216 (Del. Super. 1978).[8] Enforcing such

---

[8] Although the Consulting Agreements are to be construed according to New York Law (Maxwell Aff., Exh. 2, ¶ 13, at 4; Maxwell Aff., Exh. 4, ¶ 14, at 5), the LLC Agreements set out Delaware law as the governing jurisprudence. (Maxwell Aff., Exh. 1, Section 16.8, at 43; Maxwell Aff., Exh. 3, Section 12.1, at 21.) There is no conflict in interpreting the contracts, however, because both Delaware and New York law enforce forum selection clauses and are in substantial conformance with federal jurisprudence. See Design Strategy Corp. v. Nghiem, 14 F. Supp. 2d 298, 300 (S.D.N.Y. 1998) ("New York courts have on several occasions applied a similar if not identical standard as found in federal common law . . . ."); Outokumpu Engineering Enterprises, Inc. v. Kvaerner Enviropower, Inc., 685 A.2d 724, 732-33 (Del. Super. 1996) (applying federal standards in enforcing forum selection clause under Delaware law); Process and Storage Vessels, Inc. v. Tank Service, Inc., 541 F. Supp. 725, 732-33 (D. Del. 1982) (holding that both New York and Delaware law "substantially conform[] to the federal approach to forum selection clauses"), aff'd, 760 F.2d 260 (3d Cir. 1985) (table).



STIP0282

clauses provides certainty and predictability for the contracting parties and allows them the benefit of their bargain. The Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972). Accordingly, courts generally interpret the language of forum selection clauses expansively. See Roby v. Corporation of Lloyd's, 996 F.2d 1353, 1361 (2d Cir. 1993) (citing cases).

Here, the WISI LLC Agreement provides that "any action" to "enforce" either "the duties, obligations or liabilities" of Members (Insight Venture II and a Wexford entity) to "the Company" (WISI) shall be brought only in Chancery Court of the State of Delaware. WISI's present suit is thus in direct contravention of its LLC Agreement's forum selection clause.

### A. WISI's Claims Must Be Dismissed Under the Forum Selection Clause.

The scope of the forum selection clause is not limited to disputes arising directly from the LLC agreement. In fact, it covers "any action" by WISI against its Members and thus is easily broad enough to reach this case.

The fact that there is no forum selection clause in the WISI Consulting Agreement does not alter the result.

It is well established that instruments executed at the same time by the same parties for the same purpose and in the course of the same transaction are interpreted as one. See Nau v. Vulcan Rail & Construction Co., 286 N.Y. 188, 197, 36 N.E.2d 106, 110 (N.Y. 1941) (cited most recently in Manufacturers and Traders Trust Co. v. Erie County Indus. Dev. Agency, 269 A.D.2d 871, 872, 703 N.Y.S.2d 636, 638, 2000 N.Y. Slip Op. 01457 (4th Dep't Feb 16, 2000)); Simon v. The Navellier Series Fund, No. 17734, 2000 WL 1597890, at *7 (Del. Ch. Oct. 19, 2000); 17A AM. JUR. 2d, Contracts § 388 (1991) (listing cases). Even plaintiffs here allege that the purpose of the LLC Agreement was to "implement" the Consulting Agreement. (Complaint, ¶ 27.)

In Simon, plaintiff-trustee of the defendant Fund brought suit under an indemnification clause in the Fund's "Trust Declaration." The Fund and the trustee were parties to a separate indemnification agreement, but plaintiff did not invoke that contract. Although the Declaration did not have a forum selection clause, the Delaware Chancery Court held that plaintiff was bound by the forum selection clause in the indemnification agreement because the agreements were executed as of the same date and for "many of the same reasons" as in a related case in California. Simon, 2000

WL at *8. The Chancery Court adopted this principle from the earlier California decision:

> A forum selection clause should not be defeated by artful pleading of claims not based on the contract containing the clause if those claims grow out of the contractual relationship . . . .

Simon, 2000 WL at *4 (quotation omitted).

The same result has been reached with respect to arbitration clauses, which the Supreme Court has explained are merely a specialized type of forum selection clause. See Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 (1974). For example, in Com-Tech Associates v. Computer Associates Int'l, Inc., 753 F. Supp. 1078, 1084 (E.D.N.Y. 1990), aff'd on other grounds, 938 F.2d 1574 (2d Cir. 1991), the court held that the parties were subject to an arbitration clause in a Limited Partnership Agreement ("L.P.A.") even though plaintiff was suing under a separate Marketing Agreement which contained no arbitration clause, where the L.P.A. was executed contemporaneously with the Marketing Agreement and for the purpose of entering into it. Our situation is almost precisely the same in all material respects. See also Bayly, Martin & Fay, Inc. v. Glasser, 92 A.D.2d 850, 851, 460 N.Y.S.2d 575, 576 (1st Dep't 1983) (applying arbitration clause in one agreement to dispute involving three separate agreements in part because "these three

documents are more than merely related, having as their gravamen [a single purpose]"), aff'd, 60 N.Y.2d 577, 454 N.E.2d 124, 467 N.Y.S.2d 43 (N.Y. 1983) (mem.).

The WISI LLC Agreement was executed for the express purpose of creating WISI so that it could enter into the contemporaneous consulting agreement. See p. 7, *supra*. The two contracts are by their very terms closely related. The WISI Consulting Agreement recites that "WISI has been formed as a Delaware limited liability company for the purpose of making investments . . ." (Maxwell Aff., Exh. 2, at 1) and the WISI LLC Agreement makes specific reference to the "consulting agreement by and between" Insight and WISI and states that WISI's purpose is to engage in that agreement. (Maxwell Aff., Exh. 1, at 3; id., Section 3.1, at 11.) Moreover, plaintiffs allege that *Insight breached the Consulting Agreement to further the* interests of the other Insight parties, including Insight Venture II. (Complaint, ¶¶ 53, 65, 67.) As a result, there is every reason to apply the forum selection clause in the LLC Agreement.

The fact that plaintiffs allege both tort and contract claims does not change the analysis. Forum selection clauses are construed to govern both contract and

tort claims that "depend on the existence of [the] contractual relationship" in which the clauses are contained. Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 203 (3d Cir. 1983), abrogated on other grounds, Lauro Lines v. Chaser, 490 U.S. 495, 501 (1989). See also Ush Ventures v. Global Telesystems Group, Inc., No. C.A. 97C-08-086, 1998 WL 281250, at *8 (Del. Super. May 21, 1998) (quoting Coastal Steel Corp. and applying forum selection clause to tortious interference claims); Micro Balanced Products Corp. v. Hlavin Indus. Ltd., 238 A.D.2d 284, 667 N.Y.S.2d 1 (1st Dep't 1997) (applying forum selection clause to tortious interference claim). Every tort here alleged by plaintiffs relates to Insight's alleged breach of the Consulting Agreements.

Wexford and Insight Venture II formed WISI in 1997, and then agreed that all disputes between them, or between one of them and WISI, could be brought only in Chancery Court in Delaware. (Maxwell Aff. Exh. 1, Section 16.8, at 43.) That agreement must be enforced, especially where both plaintiffs and three of the five defendants are Delaware entities. See Elf Atochem N.A., Inc. v. Jaffari, 727 A.2d 286 (Del. 1999) (affirming

dismissal of derivative suit against a defendant LLC under forum selection clause in the LLC agreement).

### B. Each Insight Party Named in the Complaint Is Protected by the Forum Selection Clause.

The forum selection clause requires that any suit by WISI against Insight Venture II be brought only in Delaware Chancery Court. Each of the other defendants -- parties that are closely related to Insight Venture II and are defending claims arising from the same overall relationship -- is also entitled to invoke this forum selection clause. Moreover, even if the other Insight parties could not invoke that clause, the dismissal of the claims against Insight Venture II would require dismissal of the claims against the others because, even by the allegations in the Complaint, Insight Venture II is an indispensable party to the suit.

#### 1. The Insight parties are "closely related" to the signatories of the WISI Agreements.

Non-signatories to contracts may invoke the protection of forum selection clauses if the non-signatories are "closely related" to one of the signatories. See Manetti-Farrow v. Gucci America, Inc., 858 F.2d 509, 514 n.5 (9th Cir. 1988); see generally Direct

Mail Production Services Ltd. v. MBNA Corp., No. 99 Civ. 10550, 2000 WL 1277597, at *3-6 (S.D.N.Y. Sep. 6, 2000). Non-signatories are "closely related" when the relationship is such that it is foreseeable that the non-signatories would enforce the provision, see Hugel v. Corporation of Lloyd's, 999 F.2d 206, 209 (7th Cir. 1993); In re Lloyd's Am. Trust Fund Lit., 954 F. Supp. 656, 670 (S.D.N.Y. 1997), or when the interests of non-signatories are "directly related to, if not predicated upon the interests of" signatories. Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1299 (11th Cir. 1998) (quoting Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1297 (3d Cir. 1996)), cert. denied, 525 U.S. 1093 (1999).

There can be no reasonable dispute that Insight, Insight Venture III, Jeffrey Horing and Jerry Murdock are "closely related" to Insight Venture II. The Complaint alleges that Horing and Murdock control each of the Insight parties. (Complaint, ¶¶ 10, 11.) Insight is accused of breaching the WISI Consulting Agreement. (Complaint, ¶ 124.) And Horing, Murdock and Insight Venture III are accused of aiding and abetting Insight's breach. (Complaint, ¶¶ 132, 145.) Thus, the allegations against the Insight parties are premised upon the assertion that

the parties have interests closely related to each other and the WISI Agreements. Because the essence of the Complaint is that plaintiffs were deprived of the opportunity to participate in Investment Opportunities, the claims are exactly the type which would foreseeably arise from the relationship formed by the WISI Consulting Agreement and LLC Agreement. Indeed, the claims against Horing and Murdock -- who never entered into any contractual relationship with either plaintiff -- are premised on their relationship to Insight and Insight Venture II. Accordingly, each Insight party must be considered closely related to Insight Venture II, the party to the contract which has the forum selection clause.

**2. Insight Venture II is <u>an indispensable party</u>.**

A party is considered necessary to an action if its presence is required to afford complete relief to the other parties or if the party would be inequitably affected by a judgment in the action. CPLR § 1001(a); <u>see</u> 3 JACK B. WEINSTEIN ET AL., NEW YORK CIVIL PRACTICE ¶ 1001.01 (2000). Of course, the absence of a necessary party may be excused if the court finds such party is outside the court's jurisdiction and the balance of the following factors supports excusing the party: (1) the plaintiff has no other

effective remedy; (2) the necessary party will not be severely prejudiced; (3) the necessary party can avoid prejudice by consenting to jurisdiction; (4) the necessary party may be protected by an order of the court; and (5) effective judgment may be rendered in the party's absence. CPLR § 1001(b). But in this case all of these factors cut in the other direction.

Insight Venture II is an indispensable party to any suit against the other Insight parties. Plaintiffs' theory of recovery is based on the proposition that the alleged misdeeds were motivated by a desire to enrich Insight Venture II and Insight Venture III. (Complaint, ¶¶ 53, 65, 67.) Any action against Insight seriously affects the interests of those LLCs, and might even subject them to the equitable relief sought by defendants in Counts 11, 12 and 13 of the Complaint. (Complaint, ¶¶ 179-91.) Accordingly, Insight Venture II would inevitably be affected by a judgment against the other defendants and must be joined in the claims against each of the other Insight parties. See Thurston v. Paul Bunyan Hardware Stores, Inc., 80 A.D.2d 971, 438 N.Y.S.2d 617 (3d Dep't 1981) (corporation owned by defendants in an action alleging breach of a non-compete clause is a necessary

party where plaintiff alleged that the corporation had profited from the breach).

Each Insight party is amenable to suit in Delaware. Indeed, every non-human party to this suit is a Delaware entity -- including both plaintiffs. As such, plaintiffs may easily bring suit in the agreed-upon forum, i.e., Chancery Court in Delaware. Since suit cannot be brought by plaintiff WISI against Insight Venture II in New York, the Court should dismiss the Complaint in its entirety so that all of the necessary parties may be joined in a single action in the Delaware Chancery Court.

**C. Dismissal of the WISI Claims Requires That Imprimis' Claims Also Be Dismissed.**

The Complaint does not distinguish between claims brought by WISI and those brought by Imprimis. Each claim is made on behalf of "plaintiffs" collectively. Thus, plaintiffs themselves appear to concede that each of their claims arises out of both the WISI contracts and the Imprimis contracts. Thus, even though Imprimis is not a party to the contract which contains the forum selection clause, Imprimis is a necessary party to WISI's suit and must be present in Delaware to provide full relief to the parties. CPLR § 1001(a). Likewise, Imprimis cannot

proceed in New York when WISI -- a plaintiff in every claim in the Complaint -- must proceed exclusively in Delaware.

Alternatively, any action by Imprimis in this Court should be stayed or dismissed under the doctrine of *forum non conveniens* so long as WISI is proceeding in another forum. CPLR § 327.

**1. Imprimis cannot proceed alone because WISI is an indispensable and unavailable party.**

The Complaint here does not distinguish in any way between claims by WISI and claims by Imprimis. Further, WISI and Imprimis are both under Wexford's control and the claims brought by Imprimis are based in part on its acquisition of WISI's interests. (Complaint, ¶¶ 38, 42.) Accordingly, both Imprimis and WISI must be parties to provide complete relief.

The factors to be considered by the Court under CPLR § 1001(b) all weigh in favor of dismissal. The Complaint itself indicates that both plaintiffs are necessary to the action, and both are Delaware LLCs which have an effective, and bargained for, remedy in Chancery Court in Delaware. Finally, WISI may not bring this suit in the New York courts. (The Delaware Supreme Court has held that Limited Liability Companies are bound by forum

selection clauses in their LLC Agreements. Elf Atochem, 727 A.2d at 293-94.) Because WISI cannot be a party to the suit at hand, Imprimis' claims should also be dismissed.

**2. Imprimis' claims should be stayed or dismissed because separate suits would not be in the interest of justice.**

The doctrine of *forum non conveniens* also requires that, if WISI is barred from proceeding here because of its forum selection clause (as it should be), then Imprimis' claims ought not to proceed. A court may dismiss or stay an action if "in the interest of substantial justice the action should be heard in another forum." CPLR § 327(a). A dismissal or stay is appropriate "where it is determined that the action, although jurisdictionally sound, would be better adjudicated elsewhere." Sambee Corp. Ltd. v. Moustafa, 216 A.D.2d 196, 198, 628 N.Y.S.2d 664, 665 (1st Dep't 1995) (quotation omitted).

Where parties contractually agree to a particular forum, that will generally control the *forum non conveniens* analysis. See Columbia Casualty Co. v. Bristol-Myers Squibb Co., 215 A.D.2d 91, 95, 635 N.Y.S.2d 173, 175 (1st Dep't 1995). Otherwise, the court must balance "(1) the burden on New York courts, (2) the potential hardship to

the defendant, (3) the unavailability of an alternative forum in which the plaintiff may bring suit, (4) [whether the] parties to the action are nonresidents and (5) [whether the] transaction out of which the cause of action arose occurred primarily in *a foreign jurisdiction*." 2 JACK B. WEINSTEIN ET AL., NEW YORK CIVIL PRACTICE ¶ 327.02 (2000). See also Islamic Republic of Iran v. Pahlavi, 62 N.Y.2d 474, 479, 467 N.E.2d 245, 248, 478 N.Y.S.2d 597, 600 (N.Y. 1984).

The enforcement of the forum selection clause against WISI requires dismissal of the Imprimis claims. Otherwise, the Insight parties would be required to defend claims based on the same set of facts, brought by two entities which are under the common control of Wexford, in two jurisdictions. Such duplicative litigation would unfairly and needlessly burden the courts of two states -- and defendants -- when this action belongs in the one court in which both Wexford and Insight Venture II have agreed to litigate: *Chancery Court in Delaware*.

## CONCLUSION

Because this action against the Insight parties may only be brought in the Court of Chancery of the State of Delaware, the Complaint should be dismissed.

Dated: New York, New York
November 22, 2000

Respectfully submitted,

David B. Tulchin
Daniel H.R. Laguardia

SULLIVAN & CROMWELL
125 Broad Street
New York, New York 10004
(212) 558-4000

Attorneys for defendants
Insight Venture Management, Inc.,
Jeffrey Horing, Jerry Murdock,
Insight Venture Associates II, LLC and
Insight Venture Associates III, LLC

INDEX NO. 00-604431

SUPREME COURT
OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IMPRIMIS INVESTORS LLC and
WI SOFTWARE INVESTORS LLC,

Plaintiffs,

-against-

INSIGHT VENTURE MANAGEMENT, INC.,
JEFFREY HORING, JERRY MURDOCK,
INSIGHT VENTURE ASSOCIATES II, LLC, and
INSIGHT VENTURE ASSOCIATES III, LLC,

Defendants

# DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

SULLIVAN & CROMWELL
125 BROAD STREET, NEW YORK, N.Y. 10004
(212) 558-4000

ATTORNEYS FOR DEFENDANTS

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

| | | |
|---|---|---|
| IMPRIMIS INVESTORS LLC and WI SOFTWARE INVESTORS LLC, | : | Index No.: 00-604431 |
| Plaintiffs, | : | |
| -against- | : | |
| INSIGHT VENTURE MANAGEMENT, INC., JEFFREY HORING, JERRY MURDOCK, INSIGHT VENTURE ASSOCIATES II, LLC, and INSIGHT VENTURE ASSOCIATES III, LLC, | : | **AFFIDAVIT OF SCOTT M. MAXWELL** |
| Defendants. | : | |

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

SCOTT M. MAXWELL, being duly sworn, deposes and says:

1. I am the Chief Operating Officer of Insight Venture Management, Inc. and submit this affidavit in support of defendants' motion to dismiss and in order to place before the Court four contracts to which reference is made in the accompanying memorandum of law.

2. Defendants Insight Venture Associates II, LLC and Insight Venture Associates III, LLC are both limited liability companies formed under the laws of

Delaware. Insight Venture Management, Inc. is a Delaware corporation.

3. Attached hereto as Exhibit 1 is a copy of the Limited Liability Company Agreement of WI Software Investors LLC dated as of April 3, 1997. (Referred to in the Complaint at ¶ 27.) The parties to this agreement are Wexford Management LLC (Manager), WI Software Holding LLC (Member) and Insight Venture Associates II, LLC (Member).

4. Attached hereto as Exhibit 2 is a copy of the Consulting Agreement between WI Software Investors LLC and Insight Venture Management, Inc., dated as of April 3, 1997.

5. Attached hereto as Exhibit 3 is a copy of the Amended and Restated Limited Liability Company Agreement of Imprimis Investors LLC. The parties to this Agreement are Wexford Management LLC (Manager), Wexford Special Situations 1997, L.P. (Member), Wexford Special Situations 1997 Institutional, L.P. (Member), Wexford Spectrum Investors LLC, (Member) and Insight Venture Associates II, LLC (Member). (Referred to in the Complaint at ¶ 37.)

6. Attached hereto as Exhibit 4 is a copy of the Consulting Agreement between Imprimis Investors LLC and

Insight Venture Management, Inc., dated as of September 30, 1998.

7. Attached hereto as Exhibit 5 is a copy of the Complaint in this matter.

Scott M. Maxwell

Sworn to before me this
20TH day of November, 2000

Notary Public

ANGELA M HARRINGTON
Notary Public - State of New York
NO. 01HA6020443
Qualified in New York County
My Commission Expires 03.01.01