SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 49

- - - - - - - - - - - - - - - - - - -X

IMPRIMIS INVESTORS LLC and
WI SOFTWARE INVESTORS LLC,

Index No. 604431/00

Plaintiffs,

-against-

INSIGHT VENTURE MANAGEMENT, INC.,
JEFFREY HORING, JERRY MURDOCK,
INSIGHT VENTURE ASSOCIATES II, LLC
and INSIGHT VENTURE ASSOCIATES, III,
LLC,

Defendants.

- - - - - - - - - - - - - - - - - - -X

INSIGHT VENTURE MANAGEMENT, INC.,
INSIGHT VENTURE ASSOCIATES II, LLC,
JEFFREY HORING, JERRY MURDOCK and
PETER SOBILOFF,

Counterclaim and
Third-Party Plaintiffs,

-against-

IMPRIMIS INVESTORS LLC, WI SOFTWARE
INVESTORS LLC and WEXFORD CAPITAL
f/k/a WEXFORD MANAGEMENT LLC,

Counterclaim and
Third-Party Defendants.

- - - - - - - - - - - - - - - - - - -X

**CAHN, J.:**

Motion sequence numbers 002 and 004 are consolidated for disposition.

:116812-1

EXHIBIT
19

Defendants move for partial summary judgment (CPLR 3212[e]) dismissing plaintiffs' claims insofar as they relate to five investment transactions which closed after April 3, 1999, and to dismiss plaintiffs' claims in their entirety as against defendants Insight Venture Associates II, LLC (" Insight Venture II" ) and Insight Venture Associates III, LLC (" Insight Venture III" ). Defendants Jeffrey Horing, Jerry Murdock and Insight Venture II also move for a preliminary injunction compelling Imprimis Investors LLC (" Imprimis" ) to make a tax distribution to Insight Venture II and to correct the Schedule K-1 issued to Insight Venture II. Plaintiffs cross-move for partial summary judgment declaring that the parties' agreement was not limited to transactions which closed prior to April 3, 1999.

Defendant Insight Venture Management, Inc. (" Insight" ) is a corporation engaged in investing and managing investments in the software and related industries. Defendants Insight Ventures II and III are the general partners of certain of Insight Management's investment funds. Individual defendants Horing and Murdock are each Managing Directors of Insight and Managing Members of Insight Ventures II and III.

Plaintiffs WI Software and Imprimis are limited liability companies in the business of investing in companies in the software and related industries. Both plaintiffs are managed by

third-party defendant Wexford Capital, an investment and asset management firm.

On September 20, 1998, Insight and Imprimis entered into a consulting agreement (the " Consulting Agreement" ). That agreement required Insight to provide Imprimis with a right of first refusal to purchase up to 50% of the amounts to be invested in certain business opportunities identified by Insight. In return, Insight received management fees, and Imprimis paid part of certain costs incurred by Insight. Paragraph 1 of the Consulting Agreement provided as follows:

> During the period commencing on the date of this Agreement and ending on [April 3, 1999] (the " Investment Period" ), Insight shall provide Imprimis with a right of first refusal for all investment opportunities in the software and related industries identified by Insight (each, an " Investment Opportunity" ). For each Investment Opportunity Imprimis' right of first refusal entitles it to participate in the Investment Opportunity to the extent of the greater of: (a) 50% of the amounts to be invested in the Investment Opportunity or (b) the percentage of the Investment Opportunity not invested in by InSight of its affiliates (including investors therein).
>
> * * *
>
> For each proposed Investment Opportunity, InSight or its affiliates shall provide in a form satisfactory to Imprimis written details of such proposed Investment Opportunity. Within ten business days following receipt of such notice, Imprimis shall gave notice to InSight as to whether it intends to invest in



STIP0526

> such Investment Opportunity and the amount of its proposed investment. In the event that any New Material terms . . . develop with respect to an Investment Opportunity following the original written notice . . . such New Material Terms shall constitute a new Investment Opportunity.

Paragraph 3 of the Consulting Agreement required Insight to "identify to Imprimis at least six separate Investment Opportunities" during the two year period ending April 3, 1999.

The parties thereafter participated in more than ten investments sponsored by Insight, and the Imprimis entities invested more than $40 million in those transactions. However, five additional transactions closed after April 3, 1999: Quest Software, Inc. ("Quest") on April 21, 1999, Greenfield Online, Inc. ("Greenfield") on May 17, 1999, Click Commerce, Inc. ("Click") on June 17, 1999, Authorize.net Corp. ("Authorize") on June 28, 1999 and Convergent Group, Corp. ("Convergent") on August 13, 1999. Insight nevertheless invited Imprimis to participate in those deals. Imprimis did so, but invested at less than the 50% level it might have had the deal been offered pursuant the contractual right of first refusal.

By early 2000 those five investments had increased enormously in value. The complaint alleges, <u>inter alia</u>, that defendants deprived plaintiffs of the right of first refusal on those investments. Plaintiffs claim that although all of those

investment opportunities were identified, and their material terms were negotiated, prior to April 3, 1999, defendants did not permit plaintiffs to provide the full 50% in financing they were entitled to do so under the Imprimis Agreement. In the case of Authorize, plaintiffs were not informed of the opportunity, and in the case of Convergent, Click and Greenfield, defendants falsely represented that the investments were not covered by the agreement. In the case of Quest, defendants allegedly misrepresented the size of the investment opportunity.

The Motions for Summary Judgment

In moving for summary judgment, Insight argues that under Paragraph 1 of the Imprimis Consulting Agreement, it had no obligation to provide Imprimis with a right of first refusal for any deal that closed after April 3, 1999, regardless of whether the prospect was actually " identified" before that date. Imprimis counters that the April 3 deadline applied only the identification of a business opportunity, so that any opportunity identified by or before that date became subject to the right of first refusal, regardless of the closing date. Each side contends that the language of the contract is unambiguous, and argues, in the alternative, that any ambiguity is resolved in its favor by extrinsic evidence including the parties' course of conduct with respect to other deals and various admissions

regarding the proper interpretation contained in e-mails, internal memoranda and other communications and documents.

The motions for summary judgment are denied. " While the meaning of a contract is ordinarily a question of law, when a term or clause is ambiguous and the determination of the parties' intent depends on the credibility of extrinsic evidence or a choice among inferences to be drawn from extrinsic evidence, then the issue is one of fact" (Amusement Bus. Underwriters v Amer. Int'l Group, 66 NY2d 878, 880 [1985]). Summary judgment must be denied where the " interpretation of contract terms or provisions are susceptible to at least two reasonable interpretations" (Yanuck v Simon Paston & Sons Agency, Inc., 209 AD2d 207, 208 [1st Dept 1994]). The language of the contract is ambiguous regarding precisely what event or events trigger Insight's obligation to provide Imprimis with notice of its right of first refusal, so that it is impossible at this juncture to determine whether any or all of the five disputed investment opportunities were ripe to the point that they should have been offered within the contract period. The matter cannot be resolved by reference to the extrinsic evidence in the record.

In connection with the question of contract interpretation, the court notes that neither party has offered a completely reasonable or consistent analysis of the relevant language.

First, Insight's contention that the right of first refusal is triggered only by a closing is defeated by ordinary logic and other terms of the agreement. Imprimis' decision to invest in a particular deal would necessarily precede the closing and Insight's offer of the right of first refusal would necessarily precede Imprimis' decision. The agreement consequently contains various provisions confirming this sequence of events, including, inter alia, clauses requiring prior notice of the right and a description of a proposed investment, and providing Imprimis with ten business days to decide whether to invest. Thus, even if Insight is correct that the cut-off date sets an absolute deadline for the time to provide notice to Imprimis of its right of first refusal, nothing in the agreement requires a closing to also occur within that period.

Imprimis' interpretation, on the other hand, is flawed to the extent it suggests that its right of first refusal matured immediately upon Insight's identification of an investment opportunity -- if " identification" is taken to mean nothing more than first learning the name of a potential prospect. For Insight to be in a position to offer a right of first refusal, its investigation of, and negotiations with, the target company must have progressed to the point where the target is prepared to finalize a deal and accept investments from third parties.

Exactly how much must have been done by Insight to qualify as identification of an opportunity under the contract, cannot be determined from this record. Further, exactly how much investigation, negotiation, etc. was done by Insight before April 3, 1999, in connection with each of the five opportunities in issue herein, are issues of fact.

In short, under the agreement Imprimis' right of first refusal accrued at some point after Insight's first identification of a prospect but before the closing of the deal. Whether any or all of the relevant five transactions had progressed, by April 3, 1999, to the point where Insight was obligated to provide Imprimis with contractual notice of its right to participate presents triable issues of fact.

Issues of fact also preclude resolution of Insight's claim that Imprimis waived its rights under the agreement by participating in the deals without objection until early in 2000. " Waiver is an intentional relinquishment of a known right and should not be lightly presumed" (Gilbert Frank Corp. v Fed. Ins. Co., 70 NY2d 966, 958 [1988]; Ess & Vee Acoustical & Lathing Contr. v Prato, 268 AD2d 332 [1st Dept 2000]). Further discovery is required to determine whether Imprimis knew, at the time it chose to invest in some of the transactions, that they were subject to its right of first refusal under the agreement.

However, defendants' motion to dismiss as against defendants Insight Venture Associates II and III is granted. It is not alleged that those entities were parties to any contract with plaintiff (see, Blank v Noumair, 239 AD2d 534 [2d Dept 1997]). Furthermore, plaintiffs have not alleged that those parties engaged in specific tortious conduct (see, Alvord and Swift v Muller Constr. Corp., 46 NY 276 [1978] National Westminster Bank U.S.A. v Weksel, 124 AD2d 144 [1st Dept] appeal denied 70 NY2d 604 (1987); Bellino Schwartz Padob Adv., 222 AD2d 313 [1st Dept 1985]), other than conclusory allegations that they were the alter egos of other defendants.

Motion for a Preliminary Injunction

The motion for a preliminary injunction is denied. An applicant for such equitable relief cannot show irreparable harm if the allegedly wrongful conduct may be remedied by money damages (see, Non-Emergency Transp. of New York v Hammons, 249 AD2d 124 [1st Dept 1998]). Since the tax burdens allegedly flowing to movants as a consequence of Imprimis' conduct, including penalties and interest, are readily calculable, movants have an adequate remedy at law (see, Equestrian Assocs. v Freidus, 192 AD2d 572 [2d Dept 1993]; Metropolitan Package Store Assn. v Koch, 80 AD2d 940 [3d Dept 1981]).

Accordingly, it is

ORDERED, that the motion and cross-motion for partial summary judgment are denied, it is further

ORDERED, that the motion to dismiss as against defendants Insight Venture Associates II, LLC and Insight Venture Associates III, LLC is granted, and all claims pleaded against those defendants are severed and dismissed, and it is further

ORDERED, that the Clerk is directed to enter judgment accordingly, and it is further

ORDERED, that the motion for a preliminary injunction is denied.

Dated: December 12, 2001

ENTER:

________/s/________________
J.S.C.