Form **8082** (Rev. January 2000) Department of the Treasury Internal Revenue Service

# Notice of Inconsistent Treatment or Administrative Adjustment Request (AAR)

(For use by partners, S corporation shareholders, estate and domestic trust beneficiaries, foreign trust owners and beneficiaries, REMIC residual interest holders, and TMPs)

▶ See separate instructions.

OMB No. 1545-0790

Attachment Sequence No. 84

Name(s) shown on return: INSIGHT VENTURE ASSOCIATES II, LLC

Identifying number: 06-1491774

## Part I General Information

1 Check boxes that apply: (a) [X] Notice of inconsistent treatment (b) [ ] Administrative adjustment request (AAR)

2 If you are a TMP filing an AAR on behalf of the pass-through entity, are you requesting substituted return treatment? (see instructions) . . . [ ] Yes [ ] No

3 Check applicable box to identify type of pass-through entity:
(a) [X] Partnership (b) [ ] Electing large partnership (c) [ ] S corporation (d) [ ] Estate (e) [ ] Trust (f) [ ] REMIC

4 Identifying number of pass-through entity: 06-1486378

5 Name, address, and ZIP code of pass-through entity:
IMPRIMIS INVESTORS LLC
C/O WEXFORD CAPITAL, LLC
411 WEST PUTNAM AVENUE
GREENWICH, CT 06830

6 Tax shelter registration number (if applicable) of pass-through entity

7 Internal Revenue Service Center where pass-through entity filed its return

8 Tax year of pass-through entity: 2000 to

9 Your tax year: 2000 to

## Part II Inconsistent or Administrative Adjustment Request (AAR) Items

| | (a) Description of inconsistent or administrative adjustment request (AAR) items (see instructions) | (b) Inconsistency is in, or AAR is to correct (check boxes that apply): Amount of item | Treatment of item | (c) Amount as shown on Schedule K-1, Schedule Q, or similar statement, a foreign trust statement, or your return, whichever applies (see instructions) | (d) Amount you are reporting | (e) Difference between (c) and (d) |
|---|---|---|---|---|---|---|
| 10 | SCHEDULE K-1 LINE 4D | | X | $36,623,088 | | |
| 11 | | | | | | |
| 12 | | | | | | |
| 13 | | | | | | |

## Part III Explanations

Explanations — *Enter the Part II item number before each explanation. If more space is needed, continue your explanations on the back.*

- SEE ATTACHED STATEMENT -

For Paperwork Reduction Act Notice, see separate instructions. ISA Form 8082 (Rev. 1-2000)

STF FED8425F.1

EXHIBIT 35

CFC000772

STIP0878

Insight Venture Associates II, LLC
EIN: 06-1491774
Tax Year: December 31, 2000
Attachment to Form 8082 – Part III

Form 8082

Item #10 Part II

The $36,623,088 reported on Line 4d of the Schedule K-1 received by the taxpayer from Imprimis Investors, LLC ("Imprimis") was not properly reported. This amount reflects an allocation of entirely short-term capital gain that is an improper allocation under the terms of the operating agreement for Imprimis. This matter is presently the subject of litigation in the New York State Supreme Court. Part of this litigation is the misinterpretation of the Imprimis operating agreement by Imprimis which "specially" allocates all items of ordinary income to the taxpayer. It would appear that Imprimis, which generated approximately $189,450,006 of capital gains (of which $97,991,181 was short-term and $91,458,825 was long-term) has included "short-term" capital gain in ordinary income. This interpretation is contradicted by Section 64 of the Internal Revenue Code of 1986, as amended (the "Code") which specifically excludes both long-term and short-term capital gain from the definition of ordinary income. Section 64 of the Code states that the term "ordinary income" includes "any gain from the sale or exchange of property which is neither a capital asset nor property described in Section 1231(b). In effect, Section 64 of the Code specifically excludes from the definition of "ordinary income" both short-term and long-term capital gains, because short-term and long-term capital gains are incurred upon the sale or exchange of a capital asset according to Section 1222 of the Code.

In accordance with both the Code, and the operating agreement of Imprimis, the correct allocation of the $36,623,088 of capital gain allocated to the taxpayer would be as follows:

$18,942,926 short-term capital gain
$17,680,162 long-term capital gain

This allocation is determined by allocating $36,623,088 to the ratio of 51.724% short-term capital gain and 48.276% long-term capital gain. This ratio bears a direct proportional relationship to the ratio that the long-term and short-term capital gain ($91,458,825 and $97,991,181, respectively) generated by Imprimis have to the total capital gain ($189,450,006) generated by Imprimis.