| REPORT TRANSMITTAL | | | *Not To Be Mailed To Taxpayer* |
|---|---|---|---|
| **Name and Address of Taxpayer:**<br>Imprimis Investors, LLC<br>c/o Wexford Capital LLC<br>411 West Putnam Avenue<br>Greenwich, CT 06830 | | **Related or Key Return:** | |
| Return Form No:<br>1065 | Years or Periods<br>December 31, 2000 | Tax Shelter Promoter ☐ Yes<br>Subsequent Year Examined ☐<br>No (explain below) | |
| Return Form No: | Years or Periods | Investor Returns Require 8271<br>☐ Yes<br>☐ No<br>(explain below) | |
| Agreement<br>Full ☐ Partial ☐<br>None ☒ | TEFRA ☐ Non TEFRA ☒ | Supervisory Conference Offered<br>☐ Yes<br>☐ No<br>(explain below) | |

**Other information** (*Unagreed issues and important information not covered in workpapers or report*)

<u>ISSUE</u>

An Inconsistent Position is being taken regarding the proper treatment of Short Term Capital Gain and Long Term Capital Gain reported by the first and second tier partnership entities.

**<u>INCONSISTENT POSITION A:</u>**

The second tier partnership, Insight Venture Associates II LLC, filed its original Form 1065 partnership return for year ending December 31, 2000. As part of this return, the taxpayer filed Form 8082 claiming $36,623,088 of short-term capital gain issued from Imprimis Investors LLC per K-1 was incorrect. The taxpayer reallocated this amount as follows:

$18,942,926 short-term capital gain
$17,680,162 long-term capital gain
------------
$36,623,088 Total Gain

Per Inconsistent Position A, the above revised allocation per Form 8082 is disallowed in full. The original issued K-1 issued by Imprimis Investors LLC to Insight Venture Associates II LLC for year ending December 31, 2000 is deemed to be correct. Short-Term Capital Gain of $36,623,088 is the proper amount of short-term capital gain to be reported by Insight Investors II LLC for year ending December 31, 2000.

| Examiner: | Date: | Approved By (*Signature Of Reviewer*) |
|---|---|---|
| Edward Murphy | January 27, 2005 | |

Form **4665**

**EXHIBIT 37**

IMP0783

STIP0882

| Form 886-A (REV JANUARY 1994) | EXPLANATIONS OF ITEMS | | SCHEDULE NO. OR EXHIBIT Page 2 |
|---|---|---|---|
| NAME OF TAXPAYER | | TAX IDENTIFICATION NUMBER | YEAR/PERIOD ENDED |
| Imprimis Investors, LLC | | 06-1486378 | December 31, 2000 |

**INCONSISTENT POSITION B**

The first tier partnership, Imprimis Investors LLC, incorrectly allocated short-term capital gain to Insight Venture Associates II, LLC per K-1 issued for year ending December 31, 2000. The amount of short-term capital gain per K-1 was $36,623,088. The allocation was readjusted per audit examination.

The above short-term capital gain was reallocated among the three relevant partners, Wexford Special Situations 1997 L.P., Wexford Special Situations 1997 Institutional and Insight Venture Associates II LLC. as computed below:

| | | |
|---|---|---|
| Net Short Term Capital Gain | $99,799,993 | .57606 |
| Net Long Term Capital Gain | $73,444,348 | .42394 |
| | ------------- | ------ |
| Total Gain | $173,244,341 | 100% |

Insight Venture Associates II LLC, Net Short-Term Capital Gain per K-1 as originally filed by first tier Imprimis Investors LLC:

| | | |
|---|---|---|
| | $36,623,088 | |
| $36,623,088 x .57606 | $21,097,096 | Corrected Net Short Term Capital Gain |
| | -------------- | |
| | $15,525,992 | Adjustment to be reallocated to partners (See Schedule)<br>Wexford Special Situations 1997 L.P.<br>Wexford Special Situations 1997 Institutional |

**Reallocation of Short Term Gain of $15,525,992:**

Per K-1 Imprimis Investors LLC original return: ( Net Short Term Capital Gain )

| | | |
|---|---|---|
| (A) Wexford Special Situations 1997 L.P. | $49,384,376 | .7817 |
| (B) Wexford Special Situations 1997 Institutional | $13,792,529 | .2183 |
| | ------------- | ------ |
| | $63,176,905 | 100% |

Per K-1 Imprimis Investors LLC original return: ( Net Long Term Capital Gain )

| | | |
|---|---|---|
| (A) Wexford Special Situations 1997 L.P. | $57,410,272 | .7817 |
| (B) Wexford Special Situations 1997 Institutio | $16,034,076 | .2183 |
| | ------------- | ------- |
| | $73,444,348 | 100% |

| Form 886-A (REV JANUARY 1994) | EXPLANATIONS OF ITEMS | | SCHEDULE NO. OR EXHIBIT Page |
|---|---|---|---|
| NAME OF TAXPAYER<br>Imprimis Investors, LLC | | TAX IDENTIFICATION NUMBER<br>06-1486378 | YEAR/PERIOD ENDED<br>December 31, 2000 |

Adjustment To Imprimis Investors LLC:

(A) $15,525,992 x .7817 = $12,136,668
(B) $15,525,992 x .2183 = $ 3,,389,324

$15,525,992

**Conclusion: ( INCONSISTENT POSITION B )**

There is an increase in Net Short Term Capital Gain to (A) Wexford Special Situations 1997 L.P. in the amount of $12,136,668 and a corresponding decrease in Net Long Term Capital Gain of $12,136,668.

There is an increase in Net Short Term Capital Gain to (B) Wexford Special Situations 1997 Institutional In the amount $3,389,324 and a corresponding decrease in Net Long Term Capital Gain of $3,389,324.

Per Form 8082, Insight Venture Associates II LLC picked up $18,942,926 as net short term capital gain. Per Inconsistent Position B, the correct amount of net short term capital gain recomputed per audit examination was $21,097,096 resulting in an increase adjustment to net short term capital gain of $2,154,170 to Insight Venture Associates II LLC and a corresponding decrease in net long term capital gain of $2,154,170.

| Form 886-A (REV JANUARY 1994) | EXPLANATIONS OF ITEMS | | SCHEDULE NO. OR EXHIBIT Page |
|---|---|---|---|
| NAME OF TAXPAYER | | TAX IDENTIFICATION NUMBER | YEAR/PERIOD ENDED |
| **Imprimis Investors, LLC** | | 06-1486378 | December 31, 2000 |

FACTS:

Imprimis Investors LLC filed Form 1065 for year ending December 31, 2000. It is the first tier partnership return. As part of its return, short term capital gain was reported to second tier partner, Insight Venture Associates II in the amount of $36,623,088 per Form K-1. Insight Venture Associates II LLC filed Form 1065 tax return for year ending December 31, 2000 and included Form 8082, Notice of Inconsistent Treatment or Administrative Request (AAR). Per original return, Insight Venture Associates II LLC reallocated the short term gain of $36,623,088 as follows:

| | |
|---|---|
| $18,942,926 | Short Term Capital Gain |
| $17,680,162 | Long Term Capital Gain |
| ------------- | |
| $36,623,088 | Revised Total |

K-1s were issued with the above revisions made by Insight Venture Associates II LLC. Subsequently, Insight Venture Associates II, LLC filed an amended return with an additional Form 8082. Partners rescinded their claims involving this second Form 8082 when a lawsuit involving these two entities was settled. Partners of Insight Venture Associates included the short term capital gain and long term capital gain revisions made by Insight Venture Associates II LLC on their original tax returns for year ending December 31, 2000.

A lawsuit was settled between Imprimis Investors LLC and Insight Venture Associates II LLC. This lawsuit involved three hundred nineteen complaints. One of the complaints involved the allocation of short term capital gain of $36,623,088 issued by Imprimis Investors LLC to Insight Venture AssociatesII LLC. Imprimis Investors LLC claimed that the allocation was proper and made in accordance with the partnership agreement. Insight Venture Associates II LLC claimed that the special allocation provision lacked substantial economic effect and was incorrect. They also claimed that per partnership agreement, they were to be allocated ordinary income items but this did not include the category of short term capital gains. In May of 2003, the taxpayers began settlement negotions, which culminated in their entering into a settlement agreement as of July 14, 2003. This settlement agreement was entered into by Iprimis Investors LLC and Insight Venture Associates II LLC. The Settlement Agreement provides for the net payment of $30 Million, from Imprimis to Insight. The Agreement also provides that "the parties hereto desire to settle and terminate all of their disputes, including without limitation, their rights under the Relevant Agreements, all matters, claims, counterclaims and third party claims that have been asserted or that could have been asserted in the Actions."

A review of the correspondence among Imprimis Investors LLC and Insight Venture Associates II LLC shows that the parties considered that the allocation of all Short Term Capital Gain to Insight II

| Form 886-A (REV JANUARY 1994) | EXPLANATIONS OF ITEMS | | SCHEDULE NO. OR EXHIBIT Page |
|---|---|---|---|
| NAME OF TAXPAYER Imprimis Investors, LLC | | TAX IDENTIFICATION NUMBER 06-1486378 | YEAR/PERIOD ENDED December 31, 2000 |

resulted in an increased tax liability as compared with an allocation that would have been comprised of Short Term and Long Term Capital Gains. Specifically, Imprimis allocated $36,623,088 of short term capital gain to Insight II on its Schedule K-1. The parties agree that this gain stems primarily from the sale of Qwest stock. The correspondence addressed the allocation issue. An email message from Imprimis to Insight on June 2, 2003 addressed the allocation of profits and noted that the adjustment Insight should seek was $3.5MM and not 4MM suggested by Insight. If the Settlement Agreement intended to compensate Insight II without having Imprimis amend Schedule K-1, then adjusting the allocation on the Schedule K-1 per IRS examination would provide Insight Venture Associates II with an additional benefit. Insight Venture Associates II would have a reduced tax liability by having some long term capital gain instead of all short term capital gain, in addition to the compensation it received in settlement of the lawsuit with Imprimis Investors LLC for, in part, having an allocation of all short term capital gain.

**LAW:**

Per Inconsistent Position A, Imprimis Investors LLC asserts that the K-1 issued to Insight Venture Associates II for year ending December 31, 2000 was correct and in accordance with the special allocation provision in the Imprimis Investors LLC Agreement. In addition, when the lawsuit involving Imprimis Investors LLC and Insight Venture Associates, which included three hundred and nineteen complaints, was settled, it was a total settlement of all items. The Settlement Agreement provides for the net payment of $30 Million from Imprimis to Insight. The Agreement also provides that "the parties hereto desire to settle and terminate all of their disputes, including without limitation, their rights under the Relevant Agreements, all matters, claims, counterclaims and third party claims that have been asserted or that could have been asserted in the Actions." In addition, Counsel for Imprimis Invesors LLC argue that the application of the "Danielson Rule" and its corollary rule in the Second Circuit, the "Strong Proof Rule" would preclude Insight Venture Associates II form challenging the capital gains allocations in light of the terms of the settlement agreement it entered into with Imprimis Investors LLC settling and terminating all disputes between them. In Danielson v. Commissioner, 378 F.2d 771 (3rd Cir. 1967) the Danielson rule states a party can challenge the tax consequences of his agreement as construed by the Commissioner only by adducing proof which in an action between the parties to the agreement would be admissible to alter that construction or to show its unenforceability because of mistake, undue influence, fraud, duress, etc. The Second Circuit utilizes a slightly modified version of the Danielson rule called the "Strong Proof" rule. Estate of Rogers v. Commissioner, 445 F.2d 1020 (2nd Cir. 1971).

Per Inconsistent Position B, the allocation of short term capital gain to Insight Venture Associates II per Form K-1 by Imprimis Investors LLC was incorrect. Insight asserts that the original allocation was not in accordance with the partnership agreement. The special allocation provision in the Imprimis LLC agreement is meant to address allocation of ordinary income and in this matter was instead applied to wrongly reallocate capital gains. Additionally, per Insight Venture Associates II, the allocation of all short term capital gain to them per K-1 by Imprimis Investors LLC lacked substantial economic effect per I.R.C. Section 704(b).

| Form 886-A (REV JANUARY 1994) | EXPLANATIONS OF ITEMS | | SCHEDULE NO. OR EXHIBIT Pg |
|---|---|---|---|
| NAME OF TAXPAYER Imprimis Investors, LLC | | TAX IDENTIFICATION NUMBER 06-1486378 | YEAR/PERIOD ENDED December 31, 2000 |

**POSITION OF TAXPAYER:**

Imprimis Investors, LLC, the first tier partnership return, asserts that the K-1 issued to second tier partnership, Insight Venture Associates, was correct. Per special allocation provision in the Imprimis LLC Agreement, they correctly computed short term capital gains reported per K-1 to Insight Venture Associates, LLC. Additionally, Imprimis Investors, LLC asserts that all matters, claims, counterclaims, and third party claims were resolved in the Settlement Agreement dated July, 14, 2003. There were three hundred nineteen complaints in the lawsuit and all complaints were resolved. In addition, Counsel for Imprimis Investors LLC argue that the application of the "Danielson Rule" and its corollary rule in the Second Circuit, the "Strong Proof Rule" would preclude Insight Venture Associates II LLC from challenging the capital gains allocations in light of the terms of the Settlement Agreement it entered into with Imprimis Investors LLC settling and terminating all disputes between them.

Insight Venture Associates II, the second tier partnership, asserts the allocation of short term capital gains to Insight Venture Associates II LLC was incorrect. Insight claims that the original allocation was not in accordance with the special allocation provision in the Imprimis LLC Agreement. Additionally, Insight Venture Associates II asserts the allocation of all short term capital gain to them per K-1 by Imprimis Investors LLC lacked economic effect per I.R.C. Section 704(b).

**CONCLUSION:**

An Inconsistent Position is being taken regarding the proper treatment of Short Term Capital Gain and Long Term Capital Gain reported by the first and second tier partnership entities.
In the opinion of the examining agent, the Settlement Agreement contemplated compensating Insight Venture Associates LLC for the increase in its tax liability that resulted from the allocation per K-1 of all short term capital gain. The allocation of all Short Term Capital Gain originally reported to Insight Venture Associates II per K-1 from Imprimis Investors LLC was correct.
As previously stated, the Settlement Agreement entered into as of July 14, 2003 provides that "the parties hereto desire to settle and terminate all of their disputes, including without limitation, their rights under Relevant Agreements, all matters, claims, counterclaims and third party claims that have been asserted or that could have been asserted in the Actions."