**Internal Revenue Service**
Appeals Office
290 Broadway -11th Floor
New York, NY 10007

**Department of the Treasury**

Date: JAN 02 2007

**Person to Contact:**
Mel Rosenbach
Employee ID Number:
Tel: 212-298-2466
Fax: 212-298-2410
**Refer Reply to:**
AP:FE:MAN:MJR
**Name of Partnership:**
Imprimis Investors, LLC
**Partnership Identifying Number:**
06-1486378
**Date FPAA Mailed to Tax Matters Partner:**

**Taxpayer Identification Number:**
06-1486378
**Tax Year Ended:**
12/2000

TAX MATTERS PARTNER
IMPRIMIS INVESTORS LLC
C/O WEXFORD CAPITAL LLC
411 WEST PUTNAM AVENUE
GREENWICH CT 06830

**Certified Mail**

Dear Tax Matters Partner:

**NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT**

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You may compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

EXHIBIT
39

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you.

1. ***If you agree with the adjustments:***

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

2. **If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, N.W.**
**Washington, D.C. 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition, or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

3. **If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,
Mark W. Everson
Commissioner
By

Frank Longo
Appeals Team Manager

cc: Lawrence M. Hill

**FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP**

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

Department of the Treasury - Internal Revenue Service

| Form 870-PT (Rev. 6/2006) | Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts | AP:FE:MAN:GCS |
|---|---|---|

| Taxpayer(s) name(s), address, and ZIP code: | Name of Partnership: | Tax Year(s) Ended: |
|---|---|---|
| TAX MATTERS PARTNER<br>IMPRIMIS INVESTORS LLC<br>C/0 WEXFORD MANAGEMENT LLC<br>411 WEST PUTNAM AVENUE<br>GREENWICH CT 06830 | IMPRIMIS INVESTORS LLC<br>Taxpayer Identifying Number:<br>06-1486378 | 12/2000 |
| Taxpayer Identifying Number:<br>06-1486378 | Name of Tax Matters Partner: | |

**Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts**
**&**
**Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts**

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement, plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

| Signature of Taxpayer | Date Signed | Phone Number |
|---|---|---|
| Signature of Taxpayer | Date Signed | Phone Number |
| By (Signature and title) | Date Signed | Phone Number |

| For Internal Revenue Use Only | Date accepted for Commissioner: | Signature: |
|---|---|---|
| | Office<br>New York | Title |

Catalog Number 57315A (See Instructions for Signing Agreement) Form 870-PT-c (Rev. 6/2006)

CFC000006

STIP0897

## INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.
2. If the taxpayer is a corporation, the waiver should be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.
3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.
4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.
5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.
6. If the Tax Matters Partner signs this offer, please include the title with the signature.
7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury - Internal Revenue Service

**Agreement for Partnership Items and Partnership Level**
***Determinations as to Penalties, Additions to Tax and***
**Additional Amounts**

SCHEDULE OF ADJUSTMENTS

| Name of Partnership: IMPRIMIS INVESTORS LLC | Tax Year(s) Ended | | |
|---|---|---|---|
| Taxpayer Identifying Number: 06-1486378 | 12/31/2000 | | |
| Detail of Adjustments to Ordinary Income | | | |
| (1) Portfolio Income: Interest Income | | | |
| Per Return | $1,882,005.00 | | |
| As Corrected | $1,882,005.00 | | |
| Adjustment | $0.00 | | |
| (2) Portfolio Income: Dividends | | | |
| Per Return | $21,678.00 | | |
| As Corrected | $24,678.00 | | |
| Adjustment | $0.00 | | |
| Total Adjustments to Ordinary Income | None | | |
| Other Adjustments | | | |
| A. Net Short Term Capital Gain | | | |
| (1) Adjustment | $0.00 | | |
| (2) As Reported | $99,821,405.00 | | |
| (3) Corrected | $99,821,405.00 | | |
| B. Net Long Term Capital Gain | | | |
| (1) Adjustment | $0.00 | | |
| (2) As Reported | $73,444,348.00 | | |
| (3) Corrected | $73,488,348.00 | | |

Remarks:

After consideration of the above items and those listed on the following page, we have accepted the partnership return as filed. No petition needs to be filed with the court unless you disagree that the return as filed is correct.

**Form 870-PT, Other Adjustments (Continued)**

| NAME OF PARTNERSHIP<br>IMPRIMIS INVESTORS LLC<br>TAXPAYER IDENTIFYING NUMBER 06-1486378 | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| | 12/31/2000 | | |
| C. Other Portfolio Income | | | |
| (1) ADJUSTMENT | $0.00 | | |
| (2) AS REPORTED | $8,607.00 | | |
| (3) CORRECTED | $8,607.00 | | |
| D. Deductions Related To Portfolio Income; Investment Int. Exp. | | | |
| (1) ADJUSTMENT | $0.00 | > | |
| (2) AS REPORTED | $1,777,995.00 | | |
| (3) CORRECTED | $1,777,995.00 | | |
| E. Other Deductions | | | |
| (1) ADJUSTMENT | $0.00 | | |
| (2) AS REPORTED | $7,593.00 | | |
| (3) CORRECTED | $7,593.00 | | |
| F. Interest Expense on Investment Debts | | | |
| (1) ADJUSTMENT | $0.00 | | |
| (2) AS REPORTED | $19,735.00 | | |
| (3) CORRECTED | $19,735.00 | | |
| G. Investment Income Included in Portfolio Income | | | |
| (1) ADJUSTMENT | $0.00 | | |
| (2) AS REPORTED | $1,912,290.00 | | |
| (3) CORRECTED | $1,912,290.00 | | |
| H. Foreign Gross Income Sourced at Partnership Level | | | |
| (1) ADJUSTMENT | $0.00 | | |
| (2) AS REPORTED | $16,916.00 | | |
| (3) CORRECTED | $16,916.00 | | |
| I. Distribution of Money (Cash and Marketable Securities) | | | |
| (1) ADJUSTMENT | $0.00 | | |
| (2) AS REPORTED | $145,822,162.00 | | |
| (3) CORRECTED | $145,822,162.00 | | |

Explanation of Adjustments

| ME OF TAXPAYER | TAX IDENTIFICATION NUMBER | YEAR/PERIOD ENDED |
|---|---|---|
| Imprimis Investors LLC | 06-1486378 | December 31,2000 |

INCONSISTENT POSITION A

The second tier partnership, Insight Venture Associates II LLC, filed its original Form 1065 partnership return for year ending December 31, 2000. As part of this return, the taxpayer filed Form 8082 claiming $36,623,088 of short-term capital gain issued from Imprimis Investors LLC per K-1 was incorrect. The taxpayer reallocated this amount as follows:

$18,942,926 short-term capital gain
$17,680,162 long-term capital gain
-------------
$36,623,088 Total Gain

Per Inconsistent Position A, the above revised allocation per Form 8082 is disallowed in full. The original issued K-1 issued by Imprimis Investors LLC to Insight Venture Associates II LLC for year ending December 31, 2000 is deemed to be correct. Short-Term Capital Gain of $36,623,088 is the proper amount of short-term capital gain to be reported by Insight Investors II LLC for year ending December 31, 2000.

INCONSISTENT POSITION B

The first tier partnership, Imprimis Investors LLC, incorrectly allocated short-term capital gain to Insight Venture Associates II, LLC per K-1 issued for year ending December 31, 2000. The amount of short-term capital gain per K-1 was $36,623,088. The allocation was readjusted per audit examination.

The above short-term capital gain was reallocated among the three relevant partners, Wexford Special Situations 1997 L.P., Wexford Special Situations 1997 Institutional and Insight Venture Associates II LLC. as computed below:

| | | |
|---|---|---|
| Net Short Term Capital Gain | $99,799,993 | .57606 |
| Net Long Term Capital Gain | $73,444,348 | .42394 |
| | ------------- | ------- |
| Total Gain | $173,244,341 | 100% |

Insight Venture Associates II LLC, Net Short-Term Capital Gain per K-1 as originally filed by first tier Imprimis Investors LLC:

| | | |
|---|---|---|
| | $36,623,088 | |
| $36,623,088 x .57606 | $21,097,096 | Corrected Net Short Term Capital Gain |
| | -------------- | |
| | $15,525,992 | Adjustment to be reallocated to partners (See Schedule)<br>Wexford Special Situations 1997 L.P.<br>Wexford Special Situations 1997 Institutional |

Explanation of Adjustments

| NAME OF TAXPAYER | TAX IDENTIFICATION NUMBER | YEAR/PERIOD ENDED |
|---|---|---|
| Imprimis Investors LLC | 06-1486378 | December 31,2000 |

**Reallocation of Short Term Gain of $15,525,992:**

Per K-1 Imprimis Investors LLC original return: ( Net Short Term Capital Gain )

| | | |
|---|---|---|
| (A) Wexford Special Situations 1997 L.P. | $49,384,376 | .7817 |
| (B) Wexford Special Situations 1997 Institutional | $13,792,529 | .2183 |
| | $63,176,905 | 100% |

Per K-1 Imprimis Investors LLC original return: ( Net Long Term Capital Gain )

| | | |
|---|---|---|
| (A) Wexford Special Situations 1997 L.P. | $57,410,272 | .7817 |
| (B) Wexford Special Situations 1997 Institutio | $16,034,076 | .2183 |
| | $73,444,348 | 100% |

Adjustment To Imprimis Investors LLC:

| | |
|---|---|
| (A) $15,525,992 x .7817 = | $12,136,668 |
| (B) $15,525,992 x .2183 = | $ 3,,389,324 |
| | $15,525,992 |

**Conclusion: ( Re: INCONSISTENT POSITION B )**

There is an increase in Net Short Term Capital Gain to (A) Wexford Special Situations 1997 L.P. in the amount of $12,136,668 and a corresponding decrease in Net Long Term Capital Gain of $12,136,668.

There is an increase in Net Short Term Capital Gain to (B) Wexford Special Situations 1997 Institutional In the amount $3,389,324 and a corresponding decrease in Net Long Term Capital Gain of $3,389,324.

Per Form 8082, Insight Venture Associates II LLC picked up $18,942,926 as net short term capital gain. Per Inconsistent Position B, the correct amount of net short term capital gain recomputed per audit examination was $21,097,096 resulting in an increase adjustment to net short term capital gain of $2,154,170 to Insight Venture Associates II LLC and a corresponding decrease in net long term capital gain of $2,154,170.

Explanation of Adjustments

rimis Investors, LLC

December 31, 2000

Schedule of Adjustments for Inconsistent Positions

| Partner | EIN | Short-Term Gain | Long-Term Gain | Totals |
|---|---|---|---|---|
| Wexford Special Situations 1997 LP | 06-1476147 | 61,521,044 | 45,273,604 | 106,794,648 |
| Wexford Special Situations 1997 Institutional | 06-1483925 | 17,181,853 | 12,644,752 | 29,826,605 |
| Wexford Spectrum Investors LLC | 06-1486385 | 21,412 | 0 | 21,412 |
| nsight Venture Associates II, LLC | 06-1491774 | 36,623,088 | 0 | 36,623,088 |
| Wexford Partners Investment Company | 06-1574406 | 0 | 0 | 0 |
| As Conrrected | | 115,347,397 | 57,918,356 | 173,265,753 |
| Per Return | | 99,821,405 | 73,444,348 | 173,265,753 |
| Adjustment | | 15,525,992 | -15,525,992 | 0 |

3 of 3