IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Marian Blank Horn)
No. 07-209 T

IMPRIMIS INVESTORS LLC, WEXFORD SPECIAL SITUATIONS 1997 INSTITUTIONAL, LP, TAX MATTERS PARTNER,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

**UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL A REVISED JOINT STIPULATION OF FACTS AND EXHIBITS**

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims and Paragraph 7 of the Court's General Order No. 42a, Wexford Special Situations 1997 Institutional, LP ("Plaintiff" or "Wexford"), respectfully moves for leave to file under seal a Revised Joint Stipulation of Facts and Exhibits.

Counsel for Wexford has conferred with counsel for the Participating Partner, Insight Venture Associates II, LLC ("Insight") and counsel for the United States. Counsel for Insight has indicated that Insight has no objection to the granting of this motion. Counsel for the United States has indicated that the government takes no position on this motion.

In support of this Motion, Plaintiff respectfully states as follows:

1. On July 30, 2007, the Court ordered the parties to file a joint statement of issues of law and a joint stipulation of facts, accompanied by a supporting appendix, on or before November 13, 2007.

2. On November 13, 2007, the parties filed a Joint Statement of Issues of Law. One of the issues identified in the Joint Statement concerns the effect, if any, on the Court's determination in these proceedings of a Settlement Agreement and Mutual Release between Imprimis Investors LLC ("Imprimis"), Wexford and related parties, Insight and related parties, and Ramanan Raghavendran that resulted from certain lawsuits in the Supreme Court of the State of New York (the "Settlement Agreement and Mutual Release").

3. Wexford proposed including copies of the Settlement Agreement and Mutual Release and correspondence pertaining to that agreement as well as factual allegations concerning the issue ("Settlement Materials") in the Joint Stipulation of Facts and Exhibits.

4. The parties, however, could not agree on whether the confidentiality provision of the Settlement Agreement and Mutual Release allowed the Settlement Materials to be included in the Joint Stipulation of Facts and Exhibits.[1] Mr. Raghavendran, although a member of Insight during the tax year at issue, was represented by his own counsel in connection with the New York lawsuit and separately

[1] Section 11(a) of the Settlement Agreement and Mutual Release provides: "Each of the Wexford Parties, the Insight Parties and Raghavendran agree not to disclose or cause to be disclosed, either directly or indirectly, to any person or organization, including but not limited to their respective limited partners, any information regarding the amount of, terms of, facts or circumstances underlying this Settlement Agreement except as commanded by subpoena or other legal process (collectively, a "subpoena"). In such case, the subpoenaed party shall (i) give the other parties to the Actions notice of the subpoena within three business days of being served with it, (ii) shall not respond to the subpoena until ten business days after the provision of such notice, and (iii) shall give the other parties to the Actions prompt notice of any motion to compel the disclosure of such information."

signed the Settlement Agreement and Mutual Release. In the present case, Mr. Raghavendran was not privy to the discussions concerning the filing of the Joint Stipulation of Facts and Exhibits.

5. To ensure timely filing of the Joint Stipulation of Facts and Exhibits and also provide an opportunity to contact Mr. Raghavendran and resolve any confidentiality concerns, the parties agreed, one, to file the Joint Stipulation without Settlement Materials or factual allegations concerning the Settlement Agreement and Mutual Release and, two, to stay all discovery and motions practice until December 14, 2007.

6. Consequently, on November 13, 2007, the parties timely filed a Joint Stipulation of Facts and Exhibits containing "place-holders" for certain paragraphs and exhibits that would have otherwise contained Settlement Materials or factual allegations concerning the Settlement Agreement and Mutual Release.

7. The parties have since conferred with counsel for Mr. Raghavendran. Counsel for Mr. Raghavendran, Wexford, and Insight agree that filing the omitted paragraphs and exhibits under seal will address any confidentiality concerns.

8. Accordingly, Plaintiff requests that a Revised Joint Stipulation of Facts and Exhibits, which will include the following materials, be filed under seal:

a. Paragraphs 29, 30, 32, 33, 34, 35, 36, 37, 38, 39, 40, and 41 of Plaintiff's Separately Identified Material Facts;

b. the un-redacted Declaration of Arthur H. Amron at Exhibit 40; and

c. Exhibits 25, 26, 27, 28, 29, 30, 31, 32, 33, and 34.

9. In addition, the parties have resolved authenticity concerns with respect to certain documents and the Revised Joint Stipulation of Facts and Exhibits reflects these and other minor changes. The parties will stipulate that all documents in the revised

appendix, other than Exhibits 26, 28, 40, and 41 are authentic. Plaintiff contends that these documents are authentic.

10. A status conference is scheduled for this case on December 10, 2007. Plaintiff believes that the granting of this motion and the filing of the materials prior to that conference will be helpful to the Court's understanding of the facts and issues in this case.

11. A proposed order is attached.

WHEREFORE, Plaintiff respectfully requests that the Court grant the Unopposed Motion for Leave to File Under Seal.

Date: December 4, 2007

Respectfully submitted,

__s/ Charles M. Ruchelman__
CHARLES M. RUCHELMAN
Caplin & Drysdale, Chartered
One Thomas Circle, NW
Washington, D.C. 20005
Telephone: (202) 862-7834
Facsimile: (202) 429-3301
Email: cmr@capdale.com
*Counsel of Record for Plaintiff*

CHRISTOPHER S. RIZEK
MATTHEW C. HICKS
Caplin & Drysdale, Chartered
*Of Counsel*

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Marian Blank Horn)
No. 07-209 T

---

IMPRIMIS INVESTORS LLC, WEXFORD SPECIAL SITUATIONS 1997 INSTITUTIONAL, LP, TAX MATTERS PARTNER,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

---

**ORDER**

---

Plaintiff's Unopposed Motion for Leave to File Under Seal a Revised Joint Stipulation of Facts and Exhibits is granted.

The court will maintain properly marked protected documents under seal. Except as consistent with this Order and the terms of the Settlement Agreement and Mutual Release (Exhibit 31), or by mutual agreement of the parties and Mr. Raghavendran, the parties will use the protected documents only in connection with this litigation and under seal, and shall file under seal, without limitation, any papers that annex, include or disclose the substantive terms of or facts and circumstances surrounding any portion of Exhibit 31. The protected documents include: (1) paragraphs 29, 30, 32, 33, 34, 35, 36, 37, 38, 39, 40, and 41 of Plaintiff's Separately Identified Material Facts; (2) the un-redacted Declaration of Arthur H. Amron at Exhibit 40; and (3) Exhibits 25, 26, 27, 28, 29, 30, 31, 32, 33, and 34.

IT IS SO ORDERED.

Date:____________

________________________
MARIAN BLANK HORN
JUDGE

**CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the foregoing Unopposed Motion for Leave to File Under Seal a Revised Joint Stipulation of Facts and Exhibits was caused to be served on the parties on the 4th day of December, 2007, by the Electronic Court Filing System. A copy is also being provided to counsel for Ramanan Raghavendran by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

John J.D. McFerrin-Clancy
Lowenstein & Sandler
1251 Avenue of the Americas
New York, NY 10020

December 4, 2007

s/ Charles M. Ruchelman
CHARLES M. RUCHELMAN